RACETRACKS OF OHIO, Application of, In re: Respondents-Appellants, v. BUREAU OF UNEMPLOYMENT COMPENSATION, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 5537. Decided September 19, 1956.

Albert G. Levine, Cleveland, for respondents-appellants.

C. William O'Neill, Atty. Genl., John W. Hardwick, Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court affirming a ruling of the Acting Administrator of the Bureau of Unemployment Compensation rejecting appellants' application for classification of certain of their employees in employment, in occupation or industry as "seasonal."

The facts essential to the appeal are set forth in a stipulation of the parties in lieu of a bill of exceptions. .

The section of the Code involved is §4141.33 R. C., which, so far as applicable, reads:

"(A) Seasonal employment means employment in an occupation or an industry which because of climatic conditions or because of the seasonal nature of such employment it is customary to operate only during regularly recurring periods of less than 36 weeks in any consecutive 52 weeks. Any employer who claims to have seasonal employment

may file with the administrator of the bureau of unemployment compensation a written application for classification of such employment as seasonal. Whenever in any employment it is customary to operate because of climatic conditions or because of the seasonal nature of such employment only during regularly recurring periods of less than 36 weeks duration, benefits shall be payable only during the longest seasonal periods which the best practice of such industry will reasonably permit. The administrator shall ascertain and determine, or redetermine, after investigation and due notice, such seasonal periods for each such seasonal employment. Until such determination by the administrator, no employment shall be deemed seasonal. When the administrator has determined such seasonal periods, he shall also fix the proportionate number of weeks of employment and earnings required to qualify for benefit rights in place of the weeks of employment and earnings requirement stipulated in division (R) of §4141.01 and §4141.30 R. C., and the proportionate number of weeks for which benefits may be paid."

Horse racing in Ohio is controlled by Chapter 3769 R. C. §3769.07 R. C., provides that:

"No permit shall be granted for the holding or conducting of a horse racing meeting prior to the first day of April in any calendar year or after the last day of October in any calendar year. No permit shall be issued for more than an aggregate of forty-four racing dates in any one calendar year for any one race track, place or inclosure."

All of the tracks here involved operate pursuant to statutory provision and no race meets are conducted in Ohio prior to April 1, or after the last day of October in any calendar year and no track receives a permit or operates for more than an aggregate of forty-four racing days in any one calendar year.

It appears that some of the race tracks except during the time of their race meetings, a week or so before preparing for the meets and a similar period after for a cleanup, have no employees during the period between the last of October and the first of April. Others have a few and still others have a considerable number of employees during what might be termed the "off-season." In all instances, the number of such employees is insignificant as compared to the number employed when the tracks are in use at the race meets. These employees are men who maintain the plants, those who carry on certain essential record work and officials of the track organizations.

The Acting Administrator held that because certain of the tracks maintained employees for a period of from nine to eleven months, the employment at the race tracks was not seasonal employment. The Common Pleas Judge affirming this finding restated this fact and in addition held that the statutory limitation imposed upon the operation of the race tracks from April through October of each year define the period during which operation may be held and preclude the determination that the operation of the race tracks was controlled by the weather and therefore, seasonal.

We are favored with comprehensive briefs by both parties who agree no case in Ohio has been decided which is directly in point. The

nearest approach to the situation here presented is a prior determination by the Administrator that the major league baseball clubs, Cleveland and Cincinnati, were seasonal in their operation. Of course, this is not controlling of the question here presented, but it is difficult to make distinction between status of the two unless it is found in the fact that the period of operation of the race tracks is controlled by statute and is not so controlled in the operation of baseball clubs.

It is our opinion that, by reason of and without respect to the statute and by common knowledge of which courts could take judicial notice, the operation of the sport of horse racing in Ohio is seasonal, especially is this true if the operation is conducted for profit. Manifestly, race meets conducted out of doors in the winter months would attract little or no attendance. The race tracks are of practical use only for such meetings.

The language of the statute in its terms clearly comprehends and includes the operation of the race tracks as conducted in Ohio and stamps their operation as seasonal.

"Seasonal employment means employment in an occupation * * * which **because of climatic conditions** * * * **it is customary to operate only during regularly recurring periods of less than 36 weeks in any consecutive 52 weeks.**" (Emphasis ours.)

The basic employment here as contemplated by the statute is the operation of the tracks proper. The mere fact that as an incident certain employment is required to enable the operators of the tracks to conduct their meets and to maintain and use the tracks in season is merely adjunct and does not affect the dominant character of the employment.

In our opinion the intervention of the Legislature to fix the dates when race tracks may operate does not change but strengthens the basic concept that horse racing in Ohio and therefore the use of the tracks for public meets is carried on during the seasons when the weather is temperate. Had the Legislature included the winter months during the time when race meets might be conducted it would not have affected at all the practical operation of racing in Ohio and it would remain a seasonal sport.

The cases from states other than Ohio cited by appellant support the theory upon which we decide this appeal. They are: Layman v. Unemployment Compensation Commission of State of Oregon, 136 A. L. R. 1468; Bielke v. American Crystal Sugar Co., 136 A. L. R. 1482; In re Application of Land O'Lakes Creamery, Inc.—Commerce Clearing House of 1955, State of Minnesota, page 26, 606—paragraph 8183.

Each and all of the errors assigned are well made and upon the facts which are not in dispute, judgment should be for the appellant. The details and extent of the seasonal employment, will, of course, be determined by the Administrator in conformity with the statute and this opinion.

MILLER, PJ, WISEMAN, J, concur.