TOLEDO AREA PRIVATE INDUSTRY COUNCIL, APPELLANT, *v.* STEINBACHER, ADMR., OHIO BUREAU OF EMPLOYMENT SERVICES, ET AL., APPELLEES.

(No. 86AP-1021—Decided June 11, 1987.)

*Wagoner, Steinberg, Chinnis & Dorf* and *Joan H. Rife,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James A. Barnes,* for appellees.

STRAUSBAUGH, P.J. Appellant filed an appeal with the court of common pleas claiming the decision rendered by appellee Board of Review, Ohio Bureau of Employment Services ("review board"), was not supported by reliable, probative or substantial evidence and was contrary to R.C. 4141.33(A). The trial court affirmed the decision of the review board and appellant appeals.

Appellant operates under a federally funded program, the Job Training Partnership Act ("JTPA"), which is administered in Ohio by appellee, Dr. Roberta Steinbacher, Administrator of the Ohio Bureau of Employment Services. Pursuant to guidelines established by the administrator, appellant administers a summer youth employment program ("SYEP") which can operate only between May 1 and September 30. In order to properly administer the SYEP, appellant has hired office and field support employees who have never worked more than thirty-four weeks per year.

Appellant filed an application in May 1985 with the administrator seeking classification as a seasonal employer for its SYEP employees. Appellant's application was denied by the administrator and her decision was upheld upon reconsideration. Appellant appealed this reconsideration to the review board, which upheld the decision.

Appellant then initiated the instant suit seeking review by the common pleas court. The court below found that the decision of the review board was supported by reliable, pro-

bative and substantial evidence and was in accordance with law.

Appellant asserts a single assignment of error:

"The trial court erred in determining that climatic conditions are controlling under the seasonal employment exemption of the Unemployment Compensation Act."

The review board, in upholding Dr. Steinbacher's reconsidered decision, found that:

"* * * It is clear that the seasonal employment classification is one which can only be assigned to employers who work during reoccurring periods of 40 weeks or less due to climatic conditions or because of the seasonal nature of the business. The work performed by the supervisors is clearly not controlled by climatic conditions. A seasonal industry is one which due to reoccurring nature patterns such as agriculture are unable to operate on a year round basis. The processing and canning of foodstuffs is one such industry which can only be operated during a harvest season when the products have grown to maturity.

"The only reason the individuals who are hired as summer youth supervisors do not work in excess of 40 weeks is because of a contractual obligation. This is clearly not an industry which is limited by its seasonal nature or by climatic conditions, but one which is limited due to a legal obligation."

The court of common pleas affirmed the decision of the review board for essentially the same reasons. The court below found that the administrative decision was supported by reliable, probative and substantial evidence and was in accordance with law.

Generally, a court of common pleas should affirm a decision of an administrative agency which is supported by reliable, probative and substantial evidence. R.C. 119.12; *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 110, 17 O.O. 3d 65, 66, 407 N.E. 2d 1265, 1267. This court will not reverse a judgment of the court of common pleas absent a showing that the lower court abused its discretion. *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 11 OBR 242, 463 N.E. 2d 1280.

The sole inquiry presented on appeal is whether the review board and the court of common pleas correctly interpreted and applied the provisions of R.C. 4141.33. The relevant portion of that code section states:

"(A) 'Seasonal employment' means employment of individuals hired primarily to perform services in an industry [in] which because of climatic conditions or because of the seasonal nature of such industry it is customary to operate only during regularly recurring periods of forty weeks or less in any consecutive fifty-two weeks. * * *"

Both the court below and the review board concluded that because appellant's SYEP was contractually limited to the period of May through September, it failed to qualify as seasonal employment. This court finds the conclusions of the administrative body and the common pleas court to be erroneous.

R.C. 4141.33(A) defines "seasonal employment" as employment in an industry which, because of climatic or seasonal conditions, customarily operates on a regularly recurring basis of forty weeks or less per year. This court has previously held that the determination of whether employment is seasonal turns, not on the totality of the employer's industry, but on the nature of the specific industries in which an employer may engage. *Columbus* v. *Bd. of Review* (Mar. 15, 1977), Franklin App. No. 76AP-776, unreported. Thus, although appellant

may "also be engaged in a non-seasonal industry, to the extent that * * * [appellant] is engaged in a seasonal industry, the employment of the individuals in such seasonal industry is seasonal employment within the contemplation of R.C. 4141.33(A)." *Id.* at 6-7.

It is clear, then, that appellant's SYEP may be evaluated by the review board as a separate industry for purposes of R.C. 4141.33(A), despite the overall nonseasonal nature of appellant's industry. Appellees contend, however, that because the SYEP is contractually limited to a specific period a finding that the program is seasonal is improper.

The Supreme Court of Ohio and the courts of appeal have yet to address the specific issue raised by appellees. The majority of cases which have considered the seasonal employment statute have done so only in the context of horse racing. See, *e.g., Beulah Park Jockey Club* v. *Garnes* (1973), 36 Ohio St. 2d 143, 65 O.O. 2d 370, 304 N.E. 2d 901; *Young* v. *Bd. of Review* (1976), 48 Ohio St. 2d 292, 2 O.O. 3d 439, 358 N.E. 2d 571; *Berggren* v. *River Downs Investment Co.* (1978), 57 Ohio App. 2d 64, 11 O.O. 3d 49, 385 N.E. 2d 315; *In re Application of Race Tracks of Ohio* (1956), 103 Ohio App. 503, 75 Ohio Laws Abs. 129, 4 O.O. 2d 13, 143 N.E. 2d 144; *Hobson* v. *Beulah Park Jockey Club, Inc.* (Aug. 25, 1981), Franklin App. Nos. 81AP-260, 81AP-261 and 81AP-262, unreported. While those cases can be readily distinguished from this case, they nevertheless establish two factors which the administrator should consider when deciding whether a particular employment is seasonal. First, absent evidence regarding the climatic or seasonal nature of the industry, the controlling factor is whether the industry operates in regularly recurring periods of less than forty weeks. See *Garnes, supra,* and *Berggren, supra.*

The second, and overriding, factor to be considered is whether, due to the nature of the industry or the climate, it is customary to operate on a seasonal basis. See *Hobson, supra,* and *In re Application of Race Tracks of Ohio, supra.* This is true whether or not some employers operate more than forty weeks per year. *Hobson, supra,* at 10-11.

The court finds that had the review board considered these factors, the only conclusion it could properly have reached is that the SYEP is a seasonal industry. Clearly, the evidence supports a finding that the SYEP operates for less than forty weeks. The parties agree that no SYEP employee worked more than thirty-four weeks per year. Appellees maintain, however, that despite this finding, the SYEP does not operate for less than forty weeks because of seasonal or climatic conditions. Rather, the reason the SYEP operates only for limited recurring periods is because of a contractual limitation placed upon it.

We hold that merely because an SYEP is contractually limited in its operation to less than forty weeks is an insufficient basis for the review board to find that employment under the program is nonseasonal. There is no reason why an industry cannot be both seasonal in nature and also be limited by contract to a specific period of operation.

This result finds support in the well-reasoned opinion of Judge Hornbeck in *In re Application of Race Tracks of Ohio, supra.* There, this court held that merely because the period of operation of race tracks was statutorily controlled does not deprive the racing industry of its status as a seasonal operation. *Id.* at 505-506, 75 Ohio Law Abs. at 131, 4 O.O. 2d at 15, 143 N.E. 2d at 146.

Moreover, the federal Act under which SYEPs are funded contemplates

seasonal employment. See Sections 1631 through 1634, Title 29, U.S. Code. Those sections arise under Part B of Title II of the Job Training Partnership Act, 96 U.S. Stat. 1322, 1364. Part B is titled "Summer Youth Employment and Training Programs." Section 1633(a), which was in effect at the time the review board affirmed the administrative decision, dictated that programs operated under Part B "be conducted during the summer months." The congressional purpose for Section 1633(a) was the recognized need for youth employment during the *summer months.* 3 U.S. Code Cong. and Adm. News (1982) 2668, Senate Report No. 97-469. These factors all militate in favor of a finding that the SYEP is, despite the contractual limitation on its period of operation, a seasonal industry.

Accordingly, the common pleas court abused its discretion when it found that the decision of the review board was supported by reliable, probative or substantial evidence. Appellant's sole assignment of error is well-taken, and the judgment of the court below is reversed.

*Judgment reversed.*

BRYANT and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment.