### Mason v. Bd. of Review
*[Cite as 2 AOA 241]*

*Case No. CA-7980*
*Stark County, (5th)*
*Decided March 19, 1990*

*R.C. 4141.29*

*For Plaintiffs-Appellants: Ronald G. Macala, Salvatore J. Falletta, Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., The Belden/Whipple Building, 4150 Belden Village Street, Suite 102, P.O. Box 35186, Canton, Ohio 44735.*

*For Defendants-Appellees: Anthony J. Celebrezze, Jr, Attorney General, Sharon D. Tassie, Ass't Attorney General, 12th Floor, State Office Bldg. 615 West Superior Avenue, Cleveland, OH 44113-1899, Daniel A. Ward, Thompson, Hine & Flory, 1100 National City Bank Building, Cleveland, Ohio 44114-3070.*

SMART, J.

This is an appeal from a judgment of the Court of Common Pleas of Stark County, Ohio, that affirmed a decision of appellee Unemployment Compensation Board of Review (Board). Appellants here are ten former employees of appellee TRW, Inc., (TRW) who are aged fifty-five or older.

In 1988, TRW sold its plant in Minerva, Stark County, Ohio, to Precision Castparts Corporation (PCC). Employees aged fifty-five and older were given the option of working for PCC or taking early retirement from TRW. Those who retired would receive TRW's benefit package that includes payment by TRW of seventy-five percent of the cost of health insurance for its retirees and their dependents. Those who chose employment with PCC would be ineligible for TRW's health insurance benefits when they did retire; the record indicates that PCC did not at the time in question provide its retirees with health insurance benefits, and had no plans to provide any in the future.

Appellants chose early retirement in order to preserve their health insurance benefits, and applied for unemployment benefits because they were involuntarily unemployed. The Board found that appellants were separated from TRW due to lack of work, and that appellants had refused without good cause to accept an offer of suitable work from PCC. The Board disqualified appellants from receiving compensation.

Pursuant to R.C. 4141.28(O) and (P), appellants filed their appeal with the Stark County Court of Common Pleas.

The trial court affirmed the decision of the Board and this appeal ensued.

Appellants assign a single error to the trial court:

ASSIGNMENT OF ERROR
THE STARK COUNTY COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR WHEN IT CONCLUDED THAT THE DECISION OF THE BOARD OF REVIEW WAS SUPPORTED BY SUBSTANTIAL, RELIABLE AND PROBATIVE EVIDENCE AND WAS NOT CONTRARY TO LAW.

A.AN OFFER WORK BY A SUCCESSOR EMPLOYER IS NOT "SUITABLE" IF IT CONTAINS SUBSTANTIALLY LESS FAVORABLE CONDITIONS THAN EXISTED WITH THE PREDECESSOR EMPLOYER AND A REJECTION OF SUCH OFFER OF WORK DOES NOT DISQUALIFY A CLAIMANT UNDER CHAPTER 4141 OF THE OHIO REVISED CODE.

Revised Code 4141.29 states in pertinent part:

"(D)Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
"* * *
"He has refused without good cause to accept an offer of suitable work when made by an employer either in person or to his last known address, or has refused or failed to investigate a referral to suitable work when directed to do so by a local employment office of this state or another state;...
"* * *
"(E)No individual otherwise qualified to receive benefits shall lose the right to benefits by reason of a refusal to accept new work if:
"* * *
"(4)The remuneration, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.
"(F)In determining whether any work is suitable for a claimant in the administration of sections 4141.01 to 4141.46 of the Revised Code, the administrator shall, in addition to the determination required under division (E) of this section, consider the degree of risk to the claimant's health, safety, and morals, his physical fitness for the work, his prior training and experience, the length of his unemployment, the distance of the available work from his residence, and his prospects for obtaining local work."

The Board found that:
"Plainly, given the fact that the work with PCC was to be same that the claimants had been performing with TRW, and the wage rate was to be the same, the work must be found to be suitable. Had the claimants accepted work with this new employer, they would also have noted no change in fringe benefits. The only change would have been that at the time of later retirement, health insurance may not have been available through the employer. This is not sufficient to render the offer of work unsuitable. The Board of Review must also note that had each claimant waited until normal retirement age, Medicare would be available. The mere fact that health insurance might not be available at a later retirement date, is not sufficient ground to justify the refusal of the work." Decision of the Board, dated February 7, 1989, at page 5.

We do not agree. We find that appellants were not offered suitable work, because they were, in effect, required to relinquish a vested and present property right, the health benefit package from TRW, that they had already earned, in order to accept employment with PCC. In no sense is this an insignificant factor for a person aged fifty-five or older, nor is it speculative in any way. The employment with PCC did not involve the same wage and fringe benefits as that which TRW had offered. The employment with PCC was not "suitable employment."

In *Brown-Brockmeyer Co. v. Roach* (1947), 148 Ohio St. 511, the Supreme Court held that the Administrative Board functions as the trier of fact, and that Courts of Common Pleas shall limit their review to questions of law and of manifest weight of the evidence.

Our scope of review is even narrower: whether the Court of Common Pleas abused its discretion, *Angelkolvski v. Buckeye Potato Chip Co., Inc.* (1983), 11 Ohio App. 3d 159, citing *Rohde v. Farmer* (1970), 23 Ohio St.2d 82. A court abuses its discretion when its decision is without a reasonable basis, *Angelkolvski*, at 162.

We find upon these facts that the decision of the Board was clearly against the manifest weight of the evidence, and thus the decision of the Common Pleas Court in affirming it was an abuse of discretion. We add that the results of the decision of the Board of Review are contrary to public policy.

The assignment of error is sustained.

For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with applicable law and not inconsistent with this opinion.

*Judgment reversed,*
*and the cause is remanded.*

PUTMAN, P.J. and HOFFMAN, J. Concur.