ANGELKOVSKI, APPELLANT, *v.* BUCKEYE POTATO CHIPS COMPANY, INC. ET AL., APPELLEES.

(No. 83AP-166—Decided September 27, 1983.)

Ms. *Marcia E. Palof* and *Legal Aid Society of Columbus,* for appellant.

Mr. *William R. Neal,* for appellee Buckeye Potato Chips Co.

Mr. *Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Marquette Evans,* for appellee Ohio Bureau of Employment Services.

NORRIS, J. Claimant-appellant, Riste Angelkovski, appeals from an order of the trial court affirming a decision of the Unemployment Compensation Board of Review that he had been discharged from his employment for just cause and, therefore, was not entitled to unemployment compensation benefits.

Claimant's application for benefits was denied by the administrator. Upon appeal to the board of review, a hearing was held before a referee at which claimant was the sole witness. Relying upon the administrator's file and claimant's testimony, the referee affirmed the administrator's decision. The board of review disallowed a further appeal. Claimant then appealed to the court of common pleas, which reversed the board on the basis that its referee should not have relied upon a memorandum of the employer, appearing in the administrator's file, as evidence. Upon remand, the board of review allowed a further appeal, and another hearing was conducted, at which claimant and three representatives of the employer appeared.

In affirming the earlier decision of its referee (which had in turn upheld the administrator), the board of review made these findings of fact:

"* * * On the claimant's last day of employment, he had specifically been directed by his supervisor to pile all cardboard removed from skids in a specific area. During the workday, the claimant's supervisor questioned him on at least three occasions concerning whether or not the claimant was following this directive. On the last occasion, the claimant and the supervisor exchanged heated words and at the conclusion of the discussion the claimant used the term 'bitch.' "

The board then stated the legal basis for its decision:

"The claimant was discharged by Buckeye Potato Chips Company, Inc., on the basis of his interactions with his fellow employees and his supervisor. Claimant had been warned concerning arguments with fellow employees prior to the last incident which occurred between the claimant and his immediate supervisor who was a female. A supervisor has the authority to question a subordinate concerning the subordinate's work output and whether or not the subordinate is properly following directives. The claimant's actions of engaging the supervisor in a heated exchange of words and then directing a profanity to her clearly constitutes insubordination. The supervisor was within her rights to question the claimant's work and the claimant was unjustified in his reaction. From a careful review of the entire record, it is the finding of the Board of Review that the claimant's actions clearly constituted insubordination and it will be held that the resulting discharge constituted a discharge for just cause in connection with the work."

Claimant again appealed, and the court of common pleas affirmed finding that the board's order was "not unlawful, unreasonable, or against the manifest weight of the evidence, and is supported by reliable, substantial and probative evidence, and is not an abuse of discretion * * *."

Claimant raises two assignments of error:

"I. The court of common pleas erred in finding that the board of review's conclusions was [sic] not unreasonable and against the manifest weight of the evidence and that it [sic] was supported by reliable, substantive, and probative evidence; the evidence presented did not support a conclusion that appellant's actions constituted insubordination.

"II. The court of common pleas erred in finding that the board of review's decision was not unlawful; the evidence presented did not show that there was 'just cause' for discharge."

In his first assignment of error, claimant argues that the evidence before the board did not support its decision and that the court of common pleas therefore erred in not finding that the decision was against the manifest weight of the evidence.

The standard of review to be applied by the court of common pleas in appeals from decisions of the board of review is prescribed by statute. R.C. 4141.28(O) provides, in pertinent part:

"* * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *"

Contrary to claimant's assertion, the board of review was permitted to take note of the "Memorandum For The Record" prepared by the employer's distribution manager on October 1, 1980, which summarized the background and basis of claimant's termination. The memorandum was a part of the administrator's file and was therefore to be considered by the board and its referees. R.C. 4141.28(J); *Simon* v. *Lake Geauga Printing Co.* (1982), 69 Ohio St. 2d 41 [23 O.O.3d 57].

The resolution of purely factual questions is for the board of review and its referees as triers of the facts. *Brown-Brockmeyer Co.* v. *Roach* (1947), 148 Ohio St. 511, 518 [36 O.O. 167]. The role of the court of common pleas, upon an appeal based on factual grounds, is limited to determining whether the board's decision is supported by evidence in the record. *Kilgore* v. *Bd. of Review* (1965), 2 Ohio App. 2d 69, 71 [31 O.O.2d 108]. The court may not substitute its judgment for that of the board; it may not reverse simply because it interprets the evidence differently than did the board. *Fahl* v. *Bd. of Review* (1965), 2 Ohio App. 2d 286 [31 O.O.2d 426]; *Kilgore* v. *Bd. of Review, supra.* Because the statutory standard of review is couched in terms of manifest weight of the evidence, a decision of the board supported by some competent, credible evidence going to all the essential elements of the controversy will not be reversed by a reviewing court as being against the manifest weight of the evidence. See *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. Stated another way, a reviewing court will not reverse on the manifest weight of the evidence where reasonable minds could weigh the evidence and arrive at contrary conclusions. *In re Parker* v. *Anheuser-Busch* (Jan. 28, 1983), Franklin App. No. 81AP-718, unreported.

The role of an appellate court, in reviewing a determination of a court of common pleas on manifest weight of the evidence on appeal from the board, is different. The function of the court of common pleas, in determining whether the board's decision is against the manifest weight of the evidence, necessarily involves the exercise of sound discretion. Accordingly, an order of the court of common pleas based upon a determination of the manifest weight of the evidence, may be reversed only upon a showing that the court abused its discretion. See *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82 [52 O.O.2d 376]. In this context, the meaning of the term "abuse of discretion" con-

notes more than an error of judgment; it implies a decision without a reasonable basis, one which is clearly wrong.

From our review of the record, we conclude that the court of common pleas reasonably determined that the board's order was not against the manifest weight of the evidence; the board's factual finding that claimant had been directed by his supervisor to place cardboard in a specific area, that she questioned claimant concerning his compliance with the directive, and that he argued with her and called her a "bitch," were supported by competent, credible evidence.

Claimant argues that the evidence does not support a finding of insubordination in view of it not having been established that the person to whom he was allegedly insubordinate, Wanda Stevens, was his supervisor. We disagree. The distribution manager's memorandum referred to Wanda Stevens as claimant's supervisor. Claimant himself admitted that Ms. Stevens was his "boss" and "was in charge." A co-worker, Terry Anderson, testified that Stevens "was either a lead person or supervisor" and that she directed claimant and his fellow workers.

Anderson also testified that Stevens had told claimant to clean up cardboard from the floor and he ignored her; that claimant called her a "bitch" when she admonished him; and that the workers in the area stopped working when claimant and Stevens argued over the incident. Fellow worker Ron Chaffin was unsure of Stevens' title, but said she relayed orders for management and that he followed her orders; that he and Stevens watched claimant throw cardboard on the floor after Stevens had told him not to; that claimant told Stevens he would not follow her directive; and that he overheard the argument and claimant called Stevens a "bitch." Although the referee and board could have disbelieved this evidence and believed instead claimant's denials, as triers of the facts they were entitled to resolve the conflict in the evidence against claimant.

The first assignment of error is overruled.

The second assignment of error is not well-taken in view of our conclusion that the circumstances related above do constitute "just cause" for discharge within the meaning of R.C. 4141.29(D):

"* * * [N]o individual may * * * be paid benefits under the following conditions:

"* * *

"(2)   * * * if the administrator finds that:

"(a)   He quit his work without just cause or has been discharged for just cause in connection with his work * * *;"

We have previously held that "just cause" is that kind of conduct which an ordinarily intelligent person would regard as a justifiable reason for discharging an employee. *Peyton* v. *Sun T.V.* (1975), 44 Ohio App. 2d 10, at 12 [73 O.O.2d 8]. The conduct need not rise to the stature of misconduct, but there must be some fault on the part of the employee. *Sellers* v. *Bd. of Review* (1981), 1 Ohio App. 3d 161, at 164. Here, based upon the findings of the trier of the facts, there not only was fault, there was patent misconduct.

The assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.