OAK PARK MANOR, APPELLANT, *v.* STATE CERTIFICATE OF NEED REVIEW BOARD ET AL., APPELLEES.

(No. 84AP-495—Decided October 3, 1985.)

*Baker & Hostetler, Richard W. Siehl* and *Harry M. Brown,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Susan H. Banchefsky,* for appellee SHPDA.

STRAUSBAUGH, J. Appellant, Oak Park Manor, appeals a decision of the common pleas court affirming a decision of the State Certificate of Need Review Board denying Oak Park a Certificate of Need ("CON"). A CON is required before any new facility can be built.

On February 2, 1982, Gary Klein filed a Certificate of Need application for a new, one-hundred-bed, long-term care facility to be located in Oakwood Village, near Bedford, Ohio, named Oak Park Manor. The new facility would be located on a site adjacent to Klein's existing nursing facility, which provides both intermediate care ("ICF") and

skilled nursing ("SNF"). The proposed facility would have all one hundred beds dually certified ICF/SNF under Medicaid and Medicare.

On January 11, 1983, the State Health Planning and Development Agency ("SHPDA") reviewed appellant's CON application and recommended that the application be denied. The consultant was required by Ohio Adm. Code 3701-8-28 to use a bed-demand formula,[1] also known as the Hill-Burton formula, as well as other factors including accessibility, use of the facility by persons over sixty-five, and levels of care and services.

On January 14, 1983, the Director of Health denied appellant's CON application. Oak Park Manor appealed that decision to the CON review board and there was a hearing before George Lord, hearing examiner.

The examiner took testimony, made findings of both law and fact, and concluded, on November 10, 1983, that the relief sought by appellant should be granted. He held that SHPDA's decision denying appellant's CON application was arbitrary, capricious, and unlawful; also, that SHPDA's singular and selective reliance on the demand formula was not supported by reliable, probative, and substantial evidence.

On December 1, 1983, the state CON review board rejected the recommendation of the examiner and affirmed the decision denying appellant a certificate of need. The board also deleted several of the examiner's findings of law and fact.

The court of common pleas subsequently upheld the decision of the board denying the CON application. The trial court, however, admitted a state task force report critical of the Hill-Burton formula to show only that the formula was an inadequate method of determining bed need.

Appellant asserts three assignments of error:

"I. The Common Pleas Court erred in finding that the Board's Order was supported by reliable, probative and substantial evidence.

"II. The Common Pleas Court erred in finding that the Board's Order was in accordance with law.

"III. Appellant has been denied due process of law under the Fourteenth Amendment of the United States Constitution and Article I, § 16 of the Ohio Constitution."

---

[1] The demand formula was calculated in the following manner:

(1) $\dfrac{\text{patient days}}{\text{current population}} = \text{use rate}$

(2) $\dfrac{\text{use rate} \times \text{projected population}}{365} = \text{projected average daily census (ADC)}$

(3) $\dfrac{\text{ADC}}{0.9} = \text{area bed need (where 0.9 is the occupancy rate)}$

The demand formula was revised after this application was filed. It is now expressed as:

(1) $\dfrac{[(\text{population} \times .163) - (\text{net migration} \times .5)]}{.9} = \text{total bed need}$

(2) $[(\text{total bed need}) - (\text{existing and approved beds})] = \text{new bed need}$

For purposes of this appeal, the former demand formula is applicable.

The first and second assignments of error relate to the same issue and may be jointly addressed. The foundation of these assignments is the weight and reliance upon the Hill-Burton formula as a determining factor.

Appellant challenges both the reliability of and reliance upon the Hill-Burton formula. While both issues are important, there must be a greater focus on the reliance rather than the reliability.

Ohio Adm. Code 3701-8-28 mandated using the formula to determine bed need as *one* of many factors to be considered in weighing the need for additional beds:

"(B) A demand formula *in conjunction with* the following factors will be utilized in the determination of long-term care bed need:

"(1) The travel time and distance to the long-term care beds for patients, families of patients, staff, interested consumers, and community service resources;

"(2) The out-migration of patients from the health service area to obtain appropriate long-term care services, as well as patient origins of inpatients of existing long-term care facilities;

"(3) The utilization of long-term care beds in existing facilities by persons under sixty-five years of age;

"(4) The levels of care and types of services offered in existing facilities; and,

"(5) The number of beds or facilities expected to close within the health service area." (Emphasis added.)

This formula is to be used as a guideline and not as the determinative factor in the CON process. *Mid-Ohio Health Planning Federation* v. *Certificate of Need Review Board* (Apr. 1, 1982), Franklin App. No. 81AP-958, unreported. It was further noted that where a court, in its appraisal of the evidence, determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body and necessary to its determination, the court may reverse, vacate, or modify the administrative order. *Mid-Ohio,* at 925, citing *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, at 111 [17 O.O.3d 65]. Finally, in *Mid-Ohio,* we specifically noted that there could be a demonstration of need even when such construction resulted in additional beds.

In the instant case, a reading of the memorandum recommending denial of the CON indicates that the consultant placed too much emphasis on the formula as a factor. Although the consultant found in favor of appellant on many factors, albeit vaguely at times, the report clearly suggests that the formula, indicating a surplus of beds, was the primary and overriding factor. Thus, the consultant balanced each and every other factor against the sole criterion of an excess of beds, rather than balancing all the factors.

Moreover, in the initial application appellant produced a variety of evidence indicating a greater need for facilities than was previously calculated. Yet the consultant did not even mention these reports, choosing to rely solely on the formula calculation. Further, Ohio Adm. Code 3701-8-28(B)(2) required out-migration to be considered, and testimony elicited that the formula was inadequate for such a consideration.

At the hearing, appellant adduced evidence that the formula was considered by many within the health field to be inadequate as well as inaccurate. Even the senior consultant with resources development of SHPDA admitted that the formula was static and admitted to some of its shortcomings. As noted previously, the formula has since been revised to eliminate the shortcomings evident in this code. Therefore, not only did SHPDA have notice that the consultant relied too heavily on the formula as the determinative factor, it

also had notice that the formula was unreliable, at least as a primary factor to outweigh substantial countervailing factors. In spite of this, the board failed to follow the recommendation of its own examiner and denied the CON to appellant.

In its brief, appellee continues to request this court to ignore evidence of the formula's unreliability in favor of SHPDA's "expertise." For example, appellee lists all of the facilities within a certain distance of Bedford Hospital to conclude that the area is sufficiently served, yet appellee ignores a letter from that very hospital indicating to appellant the difficulty in finding enough beds.

It is clear that both the consultant and review board failed to consider all relevant factors; rather, they overemphasized the surplus of beds based on an unreliable formula to the exclusion of other factors.

The appropriate test is to determine whether the trial court abused its discretion when it held the determination of the review board was supported by reliable, probative, and substantial evidence. In *Kinney* v. *Dept. of Admin. Services* (1984), 14 Ohio App. 3d 33, 35, we stated:

"When reviewing an order of the court of common pleas which determines an appeal from an administrative agency based upon the manifest weight of the evidence, our function is limited to determining whether the order of the court of common pleas was the product of an abuse of its discretion. *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159. Although we might have arrived at a contrary conclusion upon the evidence before the agency, we may not substitute our conclusion for that of either the board or the court below."

Here, the trial court did abuse its discretion. The record clearly indicated that the Hill-Burton formula was discredited and flawed, and that both the consultant and the review board relied upon the formula as the determinative factor. This reliance was arbitrary and capricious; the trial court abused its discretion by stating that the decision of the review board was supported by reliable, probative, and substantial evidence.

The trial court did abuse its discretion and therefore the appellant's first and second assignments of error are sustained.

In its third assignment of error, appellant contends it has been denied due process of law because the sole reason for the denial of the CON was due to an excess of beds while appellee granted two CON applications for other projects which would also add beds.

Clearly, administrative agencies are not required to approve all applications within their jurisdiction. In the instant case, there is not enough evidence to conclude that appellant was deliberately denied the CON in favor of other institutions. There might be certain relevant factors concerning the approval of other CON applications which provide a rational basis for distinguishing between the applications. Without further evidence, no denial of due process has been established. Accordingly, appellant's third assignment of error is overruled.

Appellant's first and second assignments of error are sustained, and appellant's third assignment of error is overruled. The judgment of the trial court is reversed, and this cause is remanded to the Franklin County Common Pleas Court for further proceedings according to law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REILLY, P.J., and McCORMAC, J., concur.