CITY OF DAYTON, APPELLEE, *v.*
UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
APPELLANT, ET AL.

(No. 86AP-1117—Decided
May 28, 1987.)

*J. Anthony Sawyer,* city attorney,
*Arthur W. Harmon, Jr.* and *Edward
B. Neuman,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Patrick A. Devine* and
*Lawrence J. Hackett,* for appellant.

REILLY, J. This is an appeal from
the judgment of the Franklin County
Court of Common Pleas reversing the
order of the Unemployment Compensation Board of Review ("board")
which denied the city of Dayton's ("appellee's") application for seasonal exemption pursuant to R.C. 4141.33.

Appellee filed an application for
classification as a seasonal employer
concerning two of its parks and recreation operations, the summer youth-recreation program and its Growing/-Maintenance program. The first program consists of persons such as
lifeguards, supervisors and recreation
leaders, and the other involves recreation park aides who perform services
during the summer months.

The issue in this case is the second
group, the municipal service aides
employed in the Growing/Maintenance
program, for which appellee has requested seasonal classification. The
program consists of approximately
seventy permanent employees and one
hundred thirty to one hundred fifty
municipal service aides who work in
three areas: municipal parks, golf
courses, and expressway mowing. The
municipal service aides begin their
work on the first Monday in March and
continue through the last Sunday in
October.

They perform most of their tasks
during the warm growing season. As
to the golf and expressway mowing
programs, the work is primarily
limited to cutting grass and picking up
trash prior to mowing. The parks program functions are the same except
that the aides also clean restrooms and
maintain ball diamonds.

The Administrator of the Ohio
Bureau of Employment Services ("administrator") issued a decision granting seasonal classification for
appellee's summer youth-recreation
program, but denied seasonal classification for the Growing/Maintenance
program. This decision was affirmed
by the administrator upon reconsideration. Appellee then filed an appeal with
the board which also affirmed the administrator's reconsidered decision.
The board wrote:

"* * * It is clear that the maintenance of the appellant's [appellee's] facilities continue[s] on a year-round basis, with a peak period during the summer months. The permanent maintenance staff of the appellant [appellee] performs the same or similar duties as the municipal service aides during the summer months. As such, the maintenance season changes in nature somewhat during the summer, but continues throughout the year. Under such circumstance[s], it must be the finding of the board of review that the maintenance season for the appellant [appellee] continues on a fifty-two week per year basis, and that the municipal service aides are hired by the appellant [appellee] to assist in a peak period and their work does not constitute seasonal employment."

Appellee appealed from this decision to the Franklin County Court of Common Pleas pursuant to R.C. 4141.26. The trial court reversed the board's decision and held that the municipal service aides working in the city's municipal park, golf course and expressway mowing programs met the statutory requisites set forth in R.C. 4141.33(A) and, hence, were entitled to seasonal status for these "industries."

The board timely filed its notice of appeal and advanced the following assignment of error:

"The lower court erred in reversing the decision of the unemployment compensation board of review and in holding that the city of Dayton, relative to its municipal service aides employed in the Growing/Maintenance program, is entitled to seasonal status under R.C. 4141.33."

The standard of review in this case is set forth in R.C. 4141.26, which provides, in relevant part, that:

"* * * The court may affirm the determination or order complained of in the appeal if it finds, upon consideration of the entire record, that the determination or order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"

Since the board's assignment of error raises an issue concerning the trial court's consideration of the evidence, this appeal is limited to the determination of whether the trial court abused its discretion. See *Angelkovski* v. *Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159, 11 OBR 242, 463 N.E. 2d 1280, paragraph three of the syllabus. "Abuse of discretion" connotes more than an error in judgment. Rather, it implies a decision that is without a reasonable basis and is clearly wrong.

"Seasonal employment" is defined by R.C. 4141.33(A), which provides, in pertinent part, that:

" 'Seasonal employment' means employment of individuals hired primarily to perform services *in an industry* which because of climatic conditions or because of the seasonal nature *of such industry* it is customary to operate *only* during regularly recurring periods of forty weeks or less in any consecutive fifty-two weeks. 'Seasonal employer' means an employer *determined by the administrator of the bureau of employment services* to have seasonal employment in a seasonal industry. Any employer who claims to have seasonal employment in a seasonal industry may file with the administrator a written application for classification of such employment as seasonal. Whenever in any industry it is customary to operate because of climatic conditions or because of the seasonal nature of such industry only during regularly recurring periods of forty weeks or less duration, benefits shall be payable only during the longest seasonal periods which the best practice of such industry will reasonably permit. * * *" (Emphasis added.)

Thus, an employer can only qualify for seasonal status if the employment

in question is seasonal and the seasonal employment is performed in a seasonal industry. See *Columbus* v. *Bd. of Review* (Mar. 15, 1977), Franklin App. No. 76AP-776, unreported.

It is the board's position that the park, golf course and expressway moving programs do not constitute separate seasonal industries. The board maintains that the operations of the Growing/Maintenance program must be considered in its totality. The board concedes that the duties the municipal service aides perform can be characterized as seasonal, but contends that the performance of these duties does not occur in an industry controlled by climatic conditions or because of the seasonal nature of the work. Hence, the board contends that, while the municipal service aides assist the permanent maintenance staff during the peak summer months, the Growing/Maintenance program is a year-round operation.

This court analyzed and rejected many of the same arguments in the case of *Columbus* v. *Bd. of Review, supra,* which analyses are controlling in this case. In that case, we affirmed the judgment of the trial court reversing the board's order denying seasonal status to certain employees of the Columbus Recreation and Parks Department. The board determined that the function of the department could not be subdivided into separate industries, but that the totality of the department's operation had to be considered.

In rejecting the board's rationale, we stated:

"It is quite clear that neither the City of Columbus, nor its Park[s] and Recreation Department, is, in totality, a seasonal industry. Both are engaged in nonseasonal industries. However, the court of common pleas correctly considered each separate 'industry' operated by the Parks and Recreation Department, rather than the totality of its operations. An employer may be engaged in more than one 'industry' within the contemplation of R.C. 4141.33, and some of those industries may be seasonal, and some may be nonseasonal. Even though an employer may also be engaged in a nonseasonal industry, to the extent that the employer is engaged in a seasonal industry, the employment of the individuals in such seasonal industry is seasonal employment within the contemplation of R.C. 4141.33(A). Accordingly, the court of common pleas did not err in determining that the separate 'industries' herein involved were seasonal industries within the contemplation of R.C. 4141.33 * * *."
*Id.* at 6-7.

Further, there was considerable evidence before the trial court to support its findings that the park, golf course and expressway mowing programs constitute separate and distinct seasonal industries within the provisions of R.C. 4141.33. The fact that work is performed during the nonseason by full-time employees is not determinative. In the winter months, full-time employees repair machinery or perform tasks related to and in anticipation of the following season. These tasks are not performed by municipal service aides.

For example, full-time employees who work at the golf courses take apart, clean and repair the machinery used to maintain the fairways and greens during the golfing season. Although there is some overlap, the municipal service aides essentially do not perform the same job duties and functions as the full-time employees who basically act as working supervisors during the growing season. The mowing of grass and grounds keeping is essentially performed by municipal service aides.

In sum, the parks program is a seasonal industry. The parks are officially

open from the first Sunday in April through the end of October. During the winter months, the parks are closed, buildings are locked, picnic tables are stored, and the trash cans are taken to storage. The vast majority of the people who visit the parks do so in the warm months.

Moreover, the golf courses involve a seasonal industry controlled by climatic conditions. The official golf season in Dayton runs from March through November 1. The city has approximately one hundred twenty golf leagues and conducts about one hundred fifty tournaments during the season. The expressway mowing program is also controlled solely by climatic conditions since the grass does not grow during the winter months.

Within each industry, the primary duty of the municipal service aides is the same, to mow grass during the growing season, which is controlled by climatic conditions. Further, the positions held by the municipal service aides within each program are classified as seasonal under Dayton Civil Service Rules. Applications for employment state that the positions are seasonal. The municipal service aides are informed by their supervisors that the work is seasonal and extends until the last week of October. The employees are not permitted to work beyond the designated season. Thus, the trial court did not abuse its discretion by finding that the park, golf course and expressway mowing programs are seasonal industries within the contemplation of R.C. 4141.33(A).

The equal protection argument advanced by the board is also not well-taken. The board recognizes that there is a rational purpose for the seasonal classification which is to lessen the unemployment compensation tax burden for employers in a seasonal industry which does not operate on a year-round basis. The board questions the trial court's application of the statute to the facts of this case. Nevertheless, there is sufficient evidence to support the decision of the trial court.

The board's assignment of error is not well-taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and GEORGE, JJ., concur.

JOYCE J. GEORGE, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.