## Boyle v.
## Ohio State Medical Board
*[Cite as 6 AOA 300]*

Case No. 89AP-1186
Franklin County, (10th)
Decided August 7, 1990

*Eugene B. Lewis, Chester, Hoffman, Willcox & Saxbe, for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, Rachel Belenker, and Lauren M. Ross, for Appellee.*

MCCORMAC, J.

Appellant, Wade F. Boyle, appeals from the judgment of the Franklin County Court of Common Pleas overruling his post-judgment motion for attorney fees and raises the following assignments of error:

"A. The Common Pleas Court's Application of the 'Reasonable Basis in Law and Fact' Rule to the 'Substantially Justified' Test Provided in O.R.C. §2335.39(B)(1) Was in Error.

"B. The Medical Board Was Not Substantially Justified in Initiating the Controversy[.]"

This action originated when appellee, Ohio State Medical Board, denied appellant's application to sit for the mechanotherapy licensing examination. Appellee's decision was based upon its interpretation of Ohio Adm. Code 4731-1-10(D)(1)(b) which provides, in part:

"(1) Those who make application to practice any limited branch or branches of medicine and surgery under Group One or Two, must:

"***

"(b) Submit documentary evidence of satisfactory completion of a course in residence at *a school* teaching the following, as appropriate to the limited branch: Anatomy, Physiology *** . The course of study must cover a period of at least thirty-six months." (Emphasis added.)

Appellee determined that, since appellant had attended three schools instead of one and since appellant had taken general courses in anatomy, physiology, etc., and not courses tailored to the limited branch of mechanotherapy, he was prohibited from taking the examination by Ohio Adm. Code 4731-1-10. Neither of appellant's factual findings were disputed by appellant.

Appellant appealed appellee's decision to the Franklin County Court of Common Pleas which reversed the administrative agency's decision on the grounds that the limitation of course work to a single school was unduly restrictive and improper as a matter of law. Thereafter, appellant filed a motion for attorney fees pursuant to R.C. 2335.39. The common pleas court's denial of his motion now forms the basis for this appeal.

Appellant's assignments of error are interrelated and will be discussed together.

R.C. 2335.39(B)(1) provides that an appellant may recover attorney fees if: (1) he prevails; (2) he is financially eligible; and (3) the state's position in initiating the matter in controversy was not substantially justified. The state bears the burden of showing that its position was justified. It is undisputed that appellant prevailed and that he is financially eligible. Therefore, the sole issue presented is whether the state's position was substantially justified.

An initial question which must be addressed is whether any presumption attaches when the state fails to prevail on the merits in the common pleas action. As this court has previously stated in *In the Matter of Razia Malik, M.D., v. State Medical Board* (Oct. 2, 1989), Franklin App. No. 88AP-741, unreported (1989 Opinions 3763):

"The intent of the attorney fees section of the statute is to censure frivolous government action which coerces a party to resort to the courts to protect his or her rights. The statute was not intended to provide a means for a reviewing court to usurp the sound discretion of an agency. Thus, the failure of the state to prevail did not establish a presumption. that its position was not substantially justified." *Id.* at 3767-3768. Therefore, the mere failure to prevail on the merits is of no presumptive importance when ruling on a subsequent motion for attorney fees.

R.C. 2335.39 appears to have been modeled after the Federal Equal Access to Justice Act, 28 U.S.C.A., Section 2412, which also allows attorney fees to prevailing parties where the government's position was not substantially justified. Since Ohio's version has been in effect for only four years, there is very little case law interpreting it. However, the federal version has been the subject of extensive litigation. The United States Supreme Court recently had occasion to address the meaning of "substantially justified" in *Pierce v. Underwood* (1988), 108 S.Ct. 2541, wherein the court stated:

"We are of the view, therefore, that as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main' --that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. *** " *Id.* at 2550.

It follows that a position may be justified even though it is not correct if there is a genuine pretrial dispute concerning the propriety of the state's action from the facts of the case or the law applicable thereto. This is not to suggest that the standard should be diluted to reasonably justified, but it is also not as stringent as appellant suggests. If a reasonable person, knowledgeable in the area of law, believes that the state's position is correct, then the substantially justified standard has been met.

Appellant argues that the trial court erroneously applied a "reasonable basis in law and fact" standard of interpretation to the reasonably justified test. However, based upon the United States Supreme Court holding in *Pierce* and our holding in *Malik, supra*, the reasonable basis in law and fact standard is proper when evaluating

whether an action is substantially justified. Additionally, by adopting the federal interpretation of an analogous statute, we reap the benefits of extensive judicial interpretation that Ohio has yet to generate, thus, providing guidance on how R.C. 2335.39 will be applied in the future.

Appellee's factual basis for denying appellant's application to take-the mechanotherapy examination was based upon its interpretation of Ohio Adm. Code 4731-1-10(D)(1)(b). Appellee's hearing examiner found that appellant had attended three schools instead of one and that appellant had taken general courses and not courses tailored to the limited branch of mechanotherapy as mandated by the administrative provision. Neither of these findings were disputed by appellant. Therefore, appellee did have a substantial factual basis for the action it took.

Furthermore, it appears that appellee did have a substantial legal justification for its action. As previously discussed, an adverse ruling on the merits does not automatically mean that appellee's position is unjustified. If the rule is *per se* invalid, then there is no substantial justification but, if the rule is genuinely open to differing interpretations, then there could be substantial justification in litigating the matter.

Appellee's hearing officer reasoned that, by attending one school, the applicant was assured of a consistent course of study free of gaps in material taught. Additionally, the hearing officer found that tailoring general core courses to the particular limited branch being studied was beneficial, in that, the student would more fully understand how those subjects interrelated with his chosen limited field of medicine. A reviewing court may disagree with the state's rationale but that does not mean that their reasoning may not provide substantial justification for their litigation position.

The board's actions were supported by an articulated rationale that a reasonable person, being fully aware of the situation, could find substantially justified that position. Appellant does not argue that the rule is invalid *per se* but impliedly concedes that its interpretation is subject to genuine dispute. When the board is required to interpret an ambiguous administrative rule and offers logical reasons to support its conclusions, it provides sufficient evidence of substantial justification despite the fact that the decision is overturned on appeal.

Finally, it should be kept in mind what standard of review is applicable to this action. R.C. 2335.39(B)(2)(b) provides that:

"*** The order of the court may be modified by the appellate court only if it finds that the failure to grant an award, or the calculation of the amount of an award, involved an abuse of discretion." Abuse of discretion involves more than an error of judgment. It implies that the decision is without a reasonable basis, one that is clearly wrong. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App. 3d 159. Our review convinces us that the trial court's decision was not clearly wrong and, therefore, was not an abuse of discretion.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BRYANT, J., concurs.
WEST, J., dissents.

WEST, J., of the Logan County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.