**WASHINGTON et al., Appellants,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.**

[Cite as *Washington v. Unemployment Comp.*
*Bd. of Review* (1991), 72 Ohio App.3d 389.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 57906, 57907, 57908 and 57909.

Decided Feb. 4, 1991.

*Clare Fahrer,* for appellants.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Jerome C. Webbs,* Assistant Attorney General, for appellee.

FRANCIS E. SWEENEY, Judge.

Appellants John S. Washington, Jerome V. Boncella, Emil J. Runt and Richard I. Dober timely appeal from an order of the common pleas court affirming the decision of appellee state of Ohio Unemployment Compensation Board of Review denying them Trade Readjustment Allowance ("TRA") and/or TRA training benefits ("TAA") on the basis that their eligibility periods had expired. For the following reasons, we affirm the decision of the trial court.

Appellants, all former employees of U.S. Steel Corporation, filed applications with the Ohio Bureau of Employment Services ("OBES") for TRA/TAA benefits in 1987. Their applications were denied on the basis that their eligibility periods to file for TRA/TAA benefits had expired. The administrator's determination was affirmed on reconsideration and by a referee with the OBES Board of Review. The court of common pleas then affirmed the board of review. Appellants filed this consolidated timely appeal, raising one assignment of error for our review.

"Ohio Bureau of Employment Services (BUC) erred in computing the right of the appellants to receive trade readjustment allowances (TRA) and/or TRA training benefits (TAA), by using short, temporary holiday layoffs occurring in 1981, as the basis for determining the timeliness of the applications of appellants for TRA and TAA benefits, rather than the final termination of employment with U.S. Steel, which occurred in 1984."

Appellants argue that their eligibility periods for TRA/TAA benefits did not begin to run until the time of their final permanent separation from work in 1984 and not, as the lower decisions concluded, from the time of their short layoffs, which occurred between 1981 and 1982. This argument is without merit.

■ An order of the common pleas court which is based upon a determination of the manifest weight of the evidence may be reversed by this court only upon a showing that the court abused its discretion. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 244, 463 N.E.2d 1280, 1283. In other words, that court's decision must be without rational basis and clearly wrong. *Id.* at 162, 11 OBR at 244, 463 N.E.2d at 1283.

The Trade Act of 1974, Sections 2271 *et seq.*, Title 19, U.S.Code, defines the eligibility period to receive trade readjustment allowances. Specifically, Section 2293(a)(2) defines the eligibility period to receive basic TRA as follows:

"A trade readjustment allowance shall not be paid for any week after the 52–week period beginning with the first week following the first week in the period covered by the certification with respect to which the worker has exhausted (as determined for purposes of section 2291(a)(3)(B) of this title) all rights to that part of his unemployment insurance that is regular compensation."

Similarly, Section 2293(b) defines the eligibility period to receive additional TRA as follows:

"Limitations on additional payments for training periods. A trade readjustment allowance may not be paid for an additional week specified in subsection (a)(3) of this section if the adversely affected worker who would receive such allowance did not make a bona fide application to a training program approved by the Secretary under section 2296 of this title within 210 days after the date of the worker's first certification of eligibility to apply for adjustment assistance issued by the Secretary, or, if later, within 210 days after the date of the worker's *total or partial separation* referred to in section 2291(a)(1) of this title." (Emphasis added.)

■ The Department of Labor ("DOL") promulgated regulations on December 22, 1988 to implement the provisions of the Trade Act of 1974. Section

617.15(a), Title 20, C.F.R., defines the eligibility period to receive basic TRA as follows:

"Basic weeks. An individual shall not be paid basic TRA for any week after the 520 week eligibility period beginning with the first week following the first week in the period covered by the certification with respect to which the individual has first exhausted (as determined under Section 617.11(a)(5)) all rights to regular compensation."

Section 617.15(b)(2) defines the eligibility period to receive additional TRA/TAA benefits as follows:

"(2) To be eligible for TRA for additional weeks, an individual must make a bona fide application for such training—

"(i) Within 210 days after the date of the first certification under which the individual is covered; or

"(ii) If later, within 210 days after the date of the individual's *first qualifying total or partial separation.*" (Emphasis added.)

The DOL provisions are consistent with Sections 2293(a)(2) and (b), Title 19, U.S.Code.

The board of review held that appellants were first entitled to unemployment compensation after their short layoff in 1981 and 1982 and, thus, their eligibility period to receive basic TRA ran from the time they exhausted all rights to unemployment insurance within the period covered by TRA certification. We agree with this interpretation of the statutes based on the following facts:

Appellants were first separated from employment due to a lack of work between November 20, 1981 and June 1982. Appellant Emil J. Runt was laid off from December 10, 1982 to December 27, 1982. Mr. Runt filed an application for unemployment compensation benefits and was awarded benefits for part of that period, the week of December 19 through 25, 1982.

Appellant John S. Washington was first laid off due to a lack of work from November 20 through 30, 1981. Mr. Washington filed for unemployment compensation benefits for that period, claiming that only two of those days, November 26 and 27, 1981, were paid holidays. Washington was subsequently awarded benefits for the week ending November 28, 1981.

Appellant Jerome V. Boncella was first laid off due to a lack of work on January 28, 1982, for approximately one week. While Mr. Boncella did not file for unemployment compensation, he was qualified to receive unemployment compensation for that period of time.

Appellant Richard Dober was first separated from employment the week of November 21, 1981. Mr. Dober was awarded unemployment compensation benefits for the week ending November 28, 1981.

Based upon the above evidence, it is clear that appellants' first separations from employment due to a lack of work following the employer's impact date, August 13, 1981, occurred between November 20, 1981 and June 1982. Appellants were first entitled to unemployment compensation at that time.

Pursuant to R.C. 4141.01(R), an individual's entitlement to unemployment compensation is *exhausted* in twenty-six weeks if regular benefits are paid, or up to fifty-two weeks if no benefits are paid. Thus, appellants first exhausted all rights to regular unemployment compensation fifty-two weeks after they were first entitled to the unemployment compensation, regardless of the fact that they returned to work in the benefit year and were not paid all benefits.[1]

Pursuant to Section 617.15(A), Title 20, C.F.R., appellants' eligibility period to receive TRA benefits ran for the next fifty-two-week period, ending between October 1983 and December 1984. Although appellants were working during this eligibility period, they were entitled to TRA benefits pursuant to Sections 2291, 2292 and 2293, Title 19, U.S. Code. Since appellants did not file for TRA benefits within their respective eligibility periods, they were ineligible for TRA.

Regarding appellants' eligibility for additional TRA/TAA benefits, pursuant to Sections 2293(a)(3) and (b) and 2291(a)(1)(A), U.S. Code, the appellants could receive additional benefits only if they applied to a training program within two hundred ten days after their first total or partial separation on or after the impact date, or, if later, within two hundred ten days after the certification date. Pursuant to Section 617.15(b)(2), Title 20, C.F.R. appellants had to apply for training the later of two hundred ten days after their first separations between November 20, 1981 and June 1982, or the two-hundred-ten-day period after the date of certification. The certification date was February 18, 1983. Therefore, appellants had to apply for training by the later of between June 1982 and January 1983 or September 16, 1983. Since the appellants did not apply until August 16, 1984, their eligibility period to receive additional TRA/TAA benefits expired.

In conclusion, appellants' argument that the eligibility period did not run until the permanent layoff is contrary to law. We find the court of common pleas did not abuse its discretion in affirming the board of review's decision.

Assignment of Error I is overruled.

*Judgment affirmed.*

NAHRA, P.J., and PRYATEL, J., concur.

---

**1.** Pursuant to R.C. 4141.01(R), "'Benefit year' * * * means the fifty-two week period beginning with the first day of that week with respect to which he first files a valid application for determination of benefit rights * * *."