HACKWORTH, Appellant,

v.

WHIRLPOOL CORPORATION et al., Appellees.

[Cite as *Hackworth v. Whirlpool Corp.* (1991), 75 Ohio App.3d 318.]

Court of Appeals of Ohio,
Wyandot County.

No. 16–90–38.

Decided July 30, 1991.

*Linden J. Beck,* for appellant.

*Catherine Hoolahan,* for appellee Whirlpool Corporation.

*Lee I. Fisher,* Attorney General, and *John Schubert,* Assistant Attorney General, for appellee Ohio Bureau of Employment Services.

---

Thomas F. Bryant, Presiding Judge.

This is an appeal by Carole A. Hackworth from the judgment of the Court of Common Pleas of Wyandot County affirming on administrative appeal the decision of the Ohio Unemployment Compensation Board of Review ("board") to disallow appellant's claim for unemployment benefits.

Hackworth, laid off from her employment by Whirlpool Corporation, on her initial application was granted a weekly benefit. Subsequently, the Ohio Bureau of Employment Services ("OBES") determined Hackworth to be ineligible for benefits, having worked only nineteen weeks instead of the required twenty weeks in her benefit year. Notifying Hackworth of its decision, OBES also requested repayment of the benefits claimed to have been erroneously paid to her.

Hackworth filed her request for reconsideration and later sent to OBES a letter from Whirlpool stating that she had worked there twenty weeks. On October 5, 1989, the administrator's decision on reconsideration affirmed the earlier decision disallowing benefits. In a letter dated and postmarked October 20, 1989, Hackworth wrote to OBES acknowledging the decision on reconsideration and asking "what action should be taken to reverse this decision?" OBES treated this letter as a request for appeal.

On November 29, 1989, the board's referee conducted a telephone hearing on appeal in which Hackworth participated. On December 4, 1989 the referee ruled that the decision on reconsideration had become final because Hackworth had not commenced her appeal within the fourteen-calendar-day time period for doing so allowed by statute.

By decision filed January 24, 1990, the board disallowed Hackworth's December 12, 1989 application for further appeal and on February 16, 1990, Hackworth filed her appeal to the Court of Common Pleas of Wyandot County.

By its judgment entered November 9, 1990, the common pleas court ruled that the board's decision is lawful, from which judgment Hackworth now appeals asserting the following assignment of error:

"The court of common pleas erred in determining that the board of review had no authority to entertain appellant's appeal, and erred failing to review the reasonableness of the board's denial of such appeal."

■ Appellant argues here as she did in the common pleas court that the board erred by not considering her appeal filed only one day late. She contends that the board is vested with discretion to accept the late appeal and that it abused its discretion by failing to do so in circumstances of her personal difficulties, adversity and hardship.

In its written opinion the common pleas court explained its decision and judgment:

"Appellant asked the court to use its equitable power to excuse the tardiness of her appeal. Appellant stated she was unrepresented and was suffering personal grief from a divorce proceeding. The court was also advised on October 24, 1989 an amendment to R.C. 4141.28 extended the time for appeal to twenty-one days. Nevertheless, the law prohibits a reversal based on equity.

"Ohio law provided:

" '[U]nless an appeal is filed from such decision on reconsideration with the board within fourteen calendar days * * * such decision on reconsideration is final * * *.' R.C. 4141.28(H) (eff. 10–1–88).

" * * * Appellant's notice of appeal was postmarked one day late. The court sympathizes with the appellant's dismay at having come so close to meeting the filing deadline but the court is bound to duly enforce the requirements of R.C. 4141.28(H)."

The foregoing opinion correctly analyzes and states the applicable rule of law.

■ Appellant further contends that her appeal was timely because the amendment of R.C. 4141.28(H) by Am.H.B. No. 431, extending the time within which to file an appeal from fourteen days to twenty-one days, became effective as of October 24, 1989. Appellant's contention is based on her interpretation of Section 5 Am.Sub.H.B. No. 766 (141 Ohio Laws, Part III, 5716, 5808–5809), which states in part:

"Sections 4141.01, * * * 4141.28, * * * of the Revised Code as amended by Section 3 of this act are applicable to the entire period of claims arising from applications for determinations of benefit rights first filed on or after October 1, 1988."

Appellant's argument overlooks Section 7 of Am.H.B. No. 431 which provides that "Sections 4141.01 * * * 4141.28 * * * shall take effect ninety days after the effective date of this act." (143 Ohio Laws, Part III, 5119, 5174.) The effective date of Am.H.B. No. 431 was July 26, 1989 and therefore it did not take effect until October 24, 1989.

In *Owens v. Bureau of Unemp. Serv.* (June 6, 1991), Crawford App. No. 3–90–28, unreported, 1991 WL 104334, this court held that when reviewing an administrative appeal, the scope of the appellate court's review is limited to whether the trial court abused its discretion when entering its judgment. We cited with approval *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161–162, 11 OBR 242, 244, 463 N.E.2d 1280, 1283, wherein it is explained that:

"In this context, the meaning of the term 'abuse of discretion' connotes more than an error of judgment; it implies a decision without a reasonable basis, one which is clearly wrong."

If the findings of the board's referee are not unlawful, unreasonable or against the manifest weight of the evidence, the trial court should affirm the board's decision. R.C. 4141.28(O).

From the foregoing we observe that the common pleas court correctly determined that the board had no jurisdiction to decide Hackworth's late appeal and, in consequence, no authority to proceed further to review the decision underlying that appeal. Having made that determination, that court did not abuse its discretion by entering judgment based upon it.

Appellant's assignment of error is not well taken and, accordingly, the judgment of the Court of Common Pleas of Wyandot County is affirmed.

*Judgment affirmed.*

HADLEY and EVANS, JJ., concur.