OPINION
Plaintiff-appellant, Mary Brittain, appeals a judgment of the Butler County Court of Common Pleas affirming the denial of her application for unemployment compensation benefits. The court affirmed a decision of the Board of Review of defendant-appellee, the Ohio Bureau of Employment Services ("OBES"), disallowing appellant's application for unemployment benefits by concluding that appellant was terminated for dishonesty. We affirm.
Appellant was employed for fifteen years as a bookkeeper by defendant-appellee, Brown's Run Country Club ("Brown's Run" or "the club"), starting in November 1979. Appellant's immediate supervisor and the only other accounting employee was Frances Casson, the club's controller. Casson reported directly to the club treasurer.
In May 1992, appellant and her boyfriend, Kenneth Robinson, were planning to marry. Casson authorized a change in appellant's group health insurance from single to family coverage, adding Robinson to the policy. The form was sent to the insurer, Community Mutual Insurance Company, approximately two months prior to appellant's July 1992 wedding.
By 1994, appellant and Robinson were separated and in the process of getting a divorce. Robinson had been removed as an insured from appellant's group health policy. Appellant was living with her boyfriend, John Griffin.
In August 1994, while Casson was on extended sick leave, appellant prepared a form to change appellant's group health insurance back to family coverage. On the form, appellant gave "marriage" as the reason for the change, listed Griffin as her spouse, and indicated a marriage date of August 1, 1994. Appellant had not married Griffin as stated and in fact was still legally married to Robinson. Following the usual procedure in Casson's absence, appellant submitted the change form to Community Mutual with appellant's signature as authorization.
Casson returned to work from sick leave September 1, 1994. In October, the club received a bill from Community Mutual for a premium shortage of approximately $280 due to the change in appellant's coverage from single to family. Casson questioned appellant, who confirmed that she had added Griffin to her insurance. Casson called Community Mutual, was informed that live-in companions were not eligible for insurance coverage as spouses, and instructed the insurer to remove Griffin from the policy. The club received a premium credit from Community Mutual and did not incur a monetary loss.
Casson reported the incident to club management. Appellant was seriously injured in an automobile accident that weekend and was out of work on medical leave for three months. When appellant returned to work, she was informed that she was being discharged for dishonesty for adding Griffin to her health insurance.
Appellant's initial application for unemployment benefits was disallowed by the OBES administrator, who concluded that appellant became unemployed due to dishonesty. The administrator's decision was affirmed on reconsideration. Appellant appealed the administrator's decision to the Board of Review ("board"). A hearing was held before a hearing officer, who found that appellant had added Griffin to her policy in much the same way as appellant's fiance Robinson had been added two years earlier. The hearing officer further found that appellant informed Casson of the change when Casson returned to work. The hearing officer concluded that dishonesty had not been shown and allowed appellant's application.
Brown's Run appealed to the board from the hearing officer's decision. The board allowed the appeal and indicated that its decision would be based solely on a review of the record. The board concluded that appellant intentionally falsified information on the health insurance application form, causing Griffin to be added to the policy and thereby committing a fraudulent and deceitful act against her employer. The board held that appellant became unemployed because of dishonesty, reversed the hearing officer's recommendation, and disallowed appellant's application for benefits.
Appellant appealed the board's decision to the common pleas court. That court affirmed the board, concluding that "[c]learly, intentionally falsifying information is a deceitful act, and as such, Brittain's weeks of employment with the Employer are removed as qualifying weeks for unemployment compensation." On appeal to this court, appellant raises the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT AFFIRMED THE DECISION OF THE UNEMPLOYMENT BOARD WHICH DENIED APPELLANT'S APPLICATION FOR BENEFITS DUE TO DISHONESTY.
Appellant argues in her assignment of error that the trial court acted unlawfully and unreasonably by failing to require the board to give due deference to the fact finding of its hearing officer. Appellant cites two issues which she argues were the subject of conflicting testimony at the hearing and where the hearing officer's findings of fact resolved these conflicts.
First, appellant notes that the hearing officer concluded that since appellant was allowed to add Robinson to her insurance policy before appellant and Robinson were married, this served as precedent to appellant's later addition of Griffin while appellant and Griffin were living together. The hearing officer also concluded that dishonesty had not been shown because appellant reported the insurance change to Casson, which resulted in Griffin being removed from the policy and in no monetary loss to the club.
Under our standard of review, this court may reverse the board's decision if the court finds the decision unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakes Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, paragraph one of the syllabus. See, also, R.C.4141.28(O). If the board's decision is supported by some competent, credible evidence going to all the elements of the controversy, it cannot be reversed as being against the manifest weight of the evidence. Angelkovski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159, 161.
Pursuant to R.C. 4141.28(M), "[w]hen an * * * appeal is allowed by the board, the board shall review the decision of the referee and shall either affirm, modify, or reverse such decision." The resolution of purely factual questions, including the credibility of conflicting testimony and the weight given to the evidence, is primarily within the province of the board. Tzangas,73 Ohio St.3d at 697. The board should accord due deference to its referee's resolution of evidentiary conflicts, but is not required to serve as a "rubber stamp" for the referee's recommendation. Wright v. Butler County Sheriff (Sept. 4, 1990), Butler App. No. CA89-11-154, unreported.
According to the record, appellant indicated at the hearing that Casson approved the addition of Robinson to appellant's medical insurance in 1992, two months prior to appellant and Robinson's wedding. Casson stated the change was put through prior to the wedding because Community Mutual normally took sixty days to process a policy change.
Appellant testified that during Casson's absence in August 1994, appellant processed a change to add Griffin to her medical policy, listing him as her spouse. Unlike the previous change form, this form asked for a date of marriage, which appellant filled in as August 1, 1994. When asked at the hearing if she was intending to marry Griffin when she processed the change, appellant answered affirmatively. At the time the change was processed, however, appellant was still legally married to Robinson.
Appellant also testified at the hearing that she called someone at Community Mutual who told her she could add her boyfriend to the policy if she listed him as a spouse and if her employer would pay the premium. Appellant stated that she also spoke with club manager Mike Meckes about making the change and that appellant informed Casson about adding Griffin to the policy on September 1 when Casson returned from medical leave.
Meckes stated that he could not remember appellant saying anything to him about adding Griffin onto her health insurance. Casson could not remember appellant telling her in September about adding Griffin. Casson stated that she did not know about the insurance change until she saw an invoice from Community Mutual in October 1994 for an additional premium due to appellant's change to family coverage. When Casson called Community Mutual, she was told that persons living together do not qualify as spouses for insurance purposes. Casson's phone call to Community Mutual is verified by her October 18 letter confirming Griffin's ineligibility and requesting that he be removed from the policy.
The board's decision that appellant became unemployed because of dishonesty states that it is based on a review of the entire record, which indicates that the board accorded due deference to the hearing officer's findings. The board expressly set forth its reasons for reversing the hearing officer's recommendation, and we conclude that the board was well within its authority under the law to reject the hearing officer's findings. See R.C.4141.28(M). See, also, Freeman v. Ohio Dept. of Human Serv. (Dec. 14, 1995), Franklin App. No. 95APE03-359, unreported (generally, if agency rejects factual finding it must demonstrate its review of the record and the basis for the substituted factual finding).
We therefore hold that the decision of the board, as affirmed by the trial court, is not subject to reversal by this court because it is supported by the requisite degree of evidence. See Tzangas, 73 Ohio St.3d at paragraph one of the syllabus; Angelkovski, 11 Ohio App.3d at 161. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.