DECISION
Appellee-appellant, Ohio Liquor Control Commission, appeals from a decision of the Franklin County Court of Common Pleas reversing an order of the commission denying renewal of a liquor permit held by appellant-appellee Equus I, Inc.
This is the second time appellee's permit renewal has come before this court. In the earlier case, appellee's 1996-1997 application for renewal was denied by the division of liquor control on various grounds related to appellee's operation of the premises, primarily based on allegations that appellee was not the entity that owned and operated the establishment engaged in the retail sale of alcohol at the location specified in the permit. The denial was affirmed before the commission and the Franklin County Court of Common Pleas. Upon appeal to this court, however, we reversed. Equus, Inc. v. Ohio State Liquor Control Comm. (June 15, 1999), Franklin App. No. 98AP-892, unreported.
Pursuant to this court's 1999 decision, appellee undertook to renew its liquor permit. In the interim, however, appellee had not filed a renewal application for the 1997-1998 and 1998-1999 renewal years, as required by R.C. 4303.271. The division of liquor control accordingly cancelled appellee's permit on July 8, 1998. This cancellation was based solely on the failure of appellee to file annual renewal applications, and was independent of the action then pending which culminated in our 1999 decision. During this period, it is undisputed that another entity was issued a permit to operate in appellee's former premises at 38 East Winter Street in Delaware, Ohio.
Appellee appealed the department's 1998 cancellation for failure to renew, and the commission affirmed. Upon appeal to the Franklin County Court of Common Pleas, however, the court reversed the commission's order and found that appellee was entitled to a renewal. The court of common pleas found that the commission's order rejecting appellee's renewal application for the 1996-1997 permit year, based on issues related to the actual operations of the permit holder, dispensed appellee from any obligation to file successive renewal applications for succeeding years, because appellee, in essence, had no permit to renew during the pendency of the appeal.
The commission has timely appealed and brings the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE COMMON PLEAS COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE LIQUOR CONTROL COMMISSION WHEN IT ORDERED THE RENWEAL OF A LIQUOR PERMIT AT A LOCATION WHERE A VALID LIQUOR PERMIT IS CURRENTLY ISSUED.
 SECOND ASSIGNMENT OF ERROR THE COMMON PLEAS COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE LIQUOR CONTROL COMMISSION WHEN IT ORDERED THE RENEWAL OF A LIQUOR PERMIT AFTER THE PERMIT HOLDER FAILED TO COMPLY WITH THE MANDATORY PROVISIONS OF R.C. 4303.271.
Initially, we note that this is an appeal brought under R.C. 119.12 in which the court of common pleas sits as an appellate court. In this capacity, the court of common pleas will review the commission's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571. When performing this review, the court of common pleas will consider the credibility of competing witnesses as well as the weight and probative character of the evidence. Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275, paragraph one of the syllabus. The court of common pleas will generally defer to the commission's resolution of factual issues; the court, however, is not obligated to accept improperly drawn inferences from the evidence, nor to accept evidence which is neither reliable nor probative. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
Upon further appeal to this court, however, the standard of review is different. This court will not determine the weight of the evidence. Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261. Rather, this court's standard of review is limited to determining whether the court of common pleas abused its discretion in reviewing the commission's order, and in determining whether or not the order was supported by reliable, probative, and substantial evidence. Id. at 261. The term abuse of discretion connotes something "more than an error of judgment; it implies a decision without a reasonable basis, one which is clearly wrong." Angelkovski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159, 162. Our review on questions of law remains plenary. Planet Earth Entertainment, Inc. v. Ohio Liquor Control Comm. (1998), 125 Ohio App.3d 619.
The statutory provisions applicable to this appeal are R.C. 4303.271(A) and (C), providing as follows:
 (A) Except as provided in divisions (B) and (D) of this section, the holder of a permit issued under sections 4303.02 to 4303.23 of the Revised Code, who files an application for the renewal of the same class of permit for the same premises, shall be entitled to the renewal of the permit. The division of liquor control shall renew the permit unless the division rejects for good cause any renewal application, subject to the right of the applicant to appeal the rejection to the liquor control commission.
* * *
 (C) An application for renewal of a permit shall be filed with the division at least fifteen days prior to the expiration of an existing permit and the existing permit shall continue in effect as provided in section 119.06 of the Revised Code until the application is approved or rejected by the division. Any holder of a permit, which has expired through failure to be renewed as provided in this section, shall obtain a renewal of the permit, upon filing an application for renewal with the division, at any time within thirty days from the date of the expired permit. A penalty of ten per cent of the permit fee shall be paid by the permit holder if the application for renewal is not filed at least fifteen days prior to the expiration of the permit.
Appellant's second assignment of error is dispositive of this appeal and will be addressed first. Appellant asserts that the court of common pleas erred in finding that any duty pursuant to R.C. 4303.271 to annually renew appellee's permit was suspended during the pendency of the prior appeal which culminated in our 1999 decision. It must be reiterated at this point that the prior revocation and appeal was based on operating conditions and technical violations at the premises and not, as in the present nonrenewal and appeal, upon a simple failure to comply with the statutory renewal process. Therefore, when our 1999 decision remanded the matter after reversing the commission's denial of the permit renewal, this was on entirely independent grounds from the nonrenewal issue presently before us.
While the court of common pleas was no doubt swayed by undeniable quandary in which a pending appeal places a permit holder faced with annual renewal — that is, whether to undertake the expense and difficulty of applying for permit renewal for a permit whose revocation may ultimately be upheld — the statutory scheme laid out in R.C.4303.271 provides no exception to the renewal process. R.C. 4303.271(A) and (C) mandate renewal, at the latest, within thirty days from the expiration of the prior year's permit; no exception, explicit or implied, can be found for permit holders whose permits are encumbered by a revocation, be it stayed or not, when undergoing the appellate process. Annual permit renewal is clearly required by law.
While it is tempting to carve out a judicial exception for permit holders who are engaged in a lengthy appellate process, and for whom annual renewal might ultimately prove to be a vain act, the consequences of such a judicially-created exception are difficult to gauge within the comprehensive and coherent regulatory scheme that is the essence of the Ohio liquor control laws. Appellee is, in fact, arguing equitable considerations; in these circumstances, we must remain mindful of the maxim that "equity follows the law," and the law in this case is quite clear in requiring annual renewals without exception. When the rights of parties are clearly defined and established by law, this maxim is strictly applied. Assn. of Cuyahoga Cty. Teachers of Trainable Retarded v. Cuyahoga Cty. Bd. of Mental Retardation (1983), 6 Ohio St.3d 190 . We accordingly find that the court of common pleas erred in reversing the order of the commission denying remand of appellee's permit. Appellant's second assignment of error has merit and is sustained.
Our disposition of appellant's second assignment of error renders the first assignment of error moot, and it shall accordingly not be addressed.
Based upon the foregoing, appellant's second assignment of error is sustained, and the first assignment of error is rendered moot. The decision of the Franklin County Court of Common Pleas will be found to be contrary to law and thus constituting an abuse of discretion and reversed. The order of the Ohio Liquor Control Commission in denying renewal of appellee's permit is reinstated.
Judgment reversed.
TYACK and BROWN, JJ., concur.