**STACK, Appellant,**

v.

**OHIO STATE DENTAL BOARD, Appellee.**

[Cite as *Stack v. Ohio State Dental Bd.* (1992), 78 Ohio App.3d 583.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–003.

Decided Feb. 28, 1992.

*Robert A. Bunda* and *Frank R. Recker*, for appellant.

*Susan C. Walker*, for appellee.

---

*Per Curiam.*

This case is an appeal from a judgment of the Lucas County Court of Common Pleas affirming appellee Ohio State Dental Board's finding that appellant, Charles I. Stack, D.D.S., had violated R.C. 4715.30(A)(9) and 4715.29 by permitting his dental assistants to polish the clinical crowns of teeth.

The facts as established at the administrative hearing are as follows. Dr. Stack employed Judith Pearson and Rebecca Smith as dental assistants; neither Pearson nor Smith is a licensed dental hygienist. Robert Schroeder, D.D.S., testified that both Pearson and Smith admitted they used a portable instrument to polish the clinical crowns of patient's teeth.

A portable instrument for polishing teeth was introduced into evidence. It was stipulated that such instrument is for sale to the public and may be purchased at local drug stores. Dr. Schroeder testified that the instrument introduced into evidence was similar to the instrument used by Pearson and Smith. Dr. Schroeder further testified that he did not know if Pearson and Smith were engaged in patient education when they were using the instrument.

After the administrative hearing, the hearing officer issued a report finding that Dr. Stack had violated R.C. 4715.30(A)(9) and 4715.29 (prohibiting the employment of an unlicensed dental hygienist). The hearing officer recommended that Dr. Stack's license be suspended for six months. After a review of the hearing officer's report, the Ohio State Dental Board issued an order suspending Dr. Stack's license for ninety days. Dr. Stack appealed this order to the Lucas County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court entered judgment affirming the order of the state dental board.

It is from such judgment that Dr. Stack raises the following four assignments of error:

"Assignment of Error Number One: The trial court erred in finding that Appellee's Order was supported by reliable, probative and substantial evidence and is in accordance with law.

"Assignment of Error Number Two: The trial court erred in finding that the statutory sections under which Appellant was charged are applicable.

"Assignment of Error Number Three: The trial court erred in finding that hearsay evidence alone amounts to reliable, probative and substantial evidence.

"Assignment of Error Number Four: The trial court erred in affirming the Dental Board's decision because there is no testimony in the record reflecting firsthand knowledge."

As his first assignment of error, Dr. Stack argues that the evidence did not support the trial court's finding that he violated R.C. 4715.30(A)(9) and 4715.29, and that such finding is not in accordance with law.

This court's review of the common pleas court's decision is limited as follows:

"The function of the court of common pleas, in determining whether the board's decision is against the manifest weight of the evidence, necessarily involves the exercise of sound discretion. Accordingly, an order of the court of common pleas based upon a determination of the manifest weight of the evidence, may be reversed only upon a showing that the court abused its discretion. See *Rohde v. Farmer* (1970), 23 Ohio St.2d 82 [52 O.O.2d 376, 262 N.E.2d 685]. In this context, the meaning of the term 'abuse of discretion' connotes more than an error of judgment; it implies a decision without a reasonable basis, one which is clearly wrong." *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161–162 [11 OBR 242, 243–244, 463 N.E.2d 1280, 1283]; see, also, *In re Barnes* (1986), 31 Ohio App.3d 201, 202 [31 OBR 470, 471, 510 N.E.2d 392, 394] (applying the standard of review set forth in *Angelkovski* to administrative appeals brought pursuant to R.C. 119.12).

This court is thus left to determine whether the common pleas court abused its discretion in finding there was reliable, probative and substantial evidence to support a finding that Dr. Stack violated R.C. 4715.30(A)(9) and 4715.29.

R.C. 4715.30(A)(9) provides that a dentist may be subject to disciplinary action for a violation of R.C. Chapter 4715 or any rule adopted thereunder. More specifically, R.C. 4715.29 prohibits employment of "a dental hygienist who has not complied with sections 4715.20 to 4715.27, inclusive, of the Revised Code." R.C. 4715.23 defines the practice of dental hygiene as those "prophylaxis, preventative, and other procedures that licensed dentists are authorized by this chapter and rules of the dental board to assign only to licensed dental hygienists or to qualified personnel." Ohio Adm.Code 4715-9-01(A)(1) provides that one of the procedures that may only be delegated to a dental hygienist is "[p]eriodontal and preventive polishing of the clinical crown of [the] teeth."

R.C. 4715.39 provides that qualified personnel, which includes trained dental assistants, may perform duties promulgated by the state dental board. Ohio Adm.Code 4715–3–01(E)(35)(a) specifically provides that dental assistants may instruct patients in the use of intra-oral hygiene devices. Dr. Schroeder, the state dental board's expert witness testified that the portable instrument used by Pearson and Smith was an intra-oral hygiene device available for purchase by the general public. In instructing a patient on the use of such instrument a dental assistant would demonstrate its use by polishing the clinical crowns of a patient's teeth.

It is clear that Pearson and Smith's actions in polishing a patient's teeth with a portable instrument, similar to the one introduced as evidence, are permissible activity as part of patient education. The burden is on the state dental board to show by reliable, probative and substantial evidence that Pearson and Smith exceeded what they are permitted to do under Ohio statute and administrative rules. In that the state dental board failed to produce any evidence to show that Pearson and Smith performed the polishing of patients' clinical crowns in an impermissible manner, we find that the trial court abused its discretion in affirming the state dental board's order. Accordingly, Dr. Stack's first assignment of error is found well taken.

In light of this court's disposition of the first assignment of error, we find the second, third and fourth assignments of error not well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., GLASSER and SHERCK, JJ., concur.