OSSENBECK et al., Appellees,

v.

HAMILTON COUNTY AUDITOR, Appellant.

[Cite as *Ossenbeck v. Hamilton Cty. Aud.* (1994), 93 Ohio App.3d 204.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920889.

Decided Feb. 16, 1994.

*Thomas E. Dunlap* and *Jay R. Langenbahn,* for appellees.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Christopher J. Snyder,* Assistant Prosecuting Attorney, for appellant.

*Per Curiam.*

This appeal arises from a case which began when Auditor Dusty Rhodes ("the Auditor") reduced the salaries of two payroll officers from the previous administration, Victoria Ossenbeck and Diana Roberts. The Auditor argues that Ossenbeck and Roberts were unclassified civil servants and that, therefore, their pay could be reduced without following the requirements of R.C. 124.34. Ossenbeck and Roberts contend that they are classified civil servants entitled to the protection of that system.

Ossenbeck and Roberts appealed their involuntary pay reduction to the State Personnel Board of Review ("SPBR") and their appeals were consolidated for a record hearing before an administrative law judge. In a very detailed report, the administrative law judge found that Ossenbeck and Roberts were not unclassified civil servants and recommended that their reductions in pay be disallowed. In a two-to-one decision, the SPBR adopted the report and recommendation in its entirety. The Auditor appealed the SPBR decision to the court of common pleas. The trial court affirmed the SPBR decision. The Auditor now appeals from the decision of the court of common pleas.

Before we turn to the merits of the Auditor's appeal, we will briefly review the scope and standard of review at the various levels of this case.

■ The scope of review of an administrative appeal to a common pleas court is governed by R.C. 119.12. It is not a trial *de novo*. The trial court is limited to the record of the hearing before the administrative agency, plus any newly discovered evidence the court allows in its discretion. *Andrews v. Ohio Bd. of Liquor Control* (1955), 164 Ohio St. 275, 58 O.O. 51, 131 N.E.2d 390.

■ The standard of review for the court of common pleas in considering the order of an administrative agency pursuant to R.C. 119.12 is whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 590 N.E.2d 1240; *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 17 O.O.3d 65, 407 N.E.2d 1265. As this court noted in *Grauvogel v. Hamilton Cty. Aud.* (Nov. 27, 1993), Hamilton App. No. C–920821, unreported, 1993 WL 538961:

"In *Conrad,* the court observed [63 Ohio St.2d] at 110, [17 O.O.3d at 66–67], 407 N.E.2d at 1267, that this involves a hybrid review of law and fact during which the common pleas court may, to a limited extent, substitute its judgment for that of the agency. The court explained that in performing this type of review, the common pleas court must defer to the findings of the administrative body, as

factfinder, in the resolution of evidentiary conflicts, although the findings of the agency are not necessarily conclusive."

Appellate review of an administrative order is even more limited. An appellate court reviewing trial court action with regard to an administrative agency order is to consider only whether the trial court abused its discretion in determining whether the order was supported by reliable, probative and substantial evidence and was in accordance with law. *Rossford, supra; Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 267. "In this context, abuse of discretion connotes more than an error of judgment; it implies a decision without a reasonable basis, one which is clearly wrong." *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 161, 11 OBR 242, 244, 463 N.E.2d 1280, 1283. See, also, *In re Boelscher* (May 29, 1985), Hamilton App. No. C–840546, unreported, 1985 WL 6810.

We turn now to the merits of this appeal.

On April 10, 1991, Ossenbeck and Roberts received notice that the Auditor was reducing their salaries, Ossenbeck from a gross biweekly salary of $1,865.52 to $1,250.25 and Roberts from a gross biweekly salary of $1,342.85 to $1,023.62. Ossenbeck began her employment with the Auditor's office in 1966; Roberts in 1976.

Pay ranges and schedules of annual and hourly rates of pay for classified civil service employees are strictly regulated by statute. See, generally, R.C. 124.15. If Ossenbeck and Roberts were classified civil service employees at the time the Auditor reduced their pay, the reduction must fail as a matter of law. While the pay of civil service employees can be reduced, such reduction can only be for a cause related to misconduct, and only in accordance with the procedures established in R.C. 124.34. There are no allegations of misconduct in this case, and the Auditor did not follow the procedures in R.C. 124.34 in reducing the pay of Ossenbeck and Roberts.

On the other hand, if Ossenbeck and Roberts were unclassified employees at the time of their salary reduction by the Auditor, their appeal would be dismissed as a matter of law because the SPBR has no jurisdiction to review the salary reductions of unclassified employees.

Before we begin our analysis, two observations are in order. There is nothing in this record which suggests that Ossenbeck and Roberts received any pay increases outside the steps established for civil service employees. Also, we note that in his report and recommendation, the administrative law judge twice mentioned that neither the reasonableness of the salaries of Ossenbeck and Roberts when the Auditor first took office, nor the reasonableness of the

reductions the Auditor made, was before the SPBR. This court, therefore, expresses no opinion on these issues.

The Auditor argues that Ossenbeck and Roberts are employed within the unclassified civil service. R.C. 124.11(A) lists those positions which shall not be included in the classified service. In his three assignments of error, the Auditor argues, respectively, that Ossenbeck and Roberts fall within the unclassified service because they were either deputy auditors, unclassified pursuant to R.C. 124.11(A)(4); fiduciaries, unclassified pursuant to R.C. 124.11(A)(9) [1]; or employees whose fitness would be impracticable to determine by competitive examination, also unclassified pursuant to R.C. 124.11(A)(9). In this appeal, the Auditor argues that the trial court erred in failing to find that Ossenbeck and Roberts were unclassified civil service employees for one of these three reasons, which we shall examine in turn.

At the time of their reduction in pay, both Ossenbeck and Roberts were account clerks in the Payroll Department of the Auditor's office. We note at the outset that there really is no dispute whatsoever about their job duties. Essentially, it was their job to process the biweekly payroll for county employees. The dispute lies in whether their duties bring them within any of the categories of the unclassified service.

We turn to the Auditor's first argument, that the trial court erred when it adopted the finding of the SPBR that Ossenbeck and Roberts were not deputy auditors. The Auditor makes two points here. First, he argues that both Ossenbeck and Roberts took oaths as deputy auditors. Second, he argues that because Ossenbeck and Roberts had unsupervised access to blank county warrants and unsupervised discretion to issue such warrants to correct payroll errors, and because they were solely responsible for maintaining the Auditor's records of employee sick and vacation leave, their jobs had the requisite degree of unsupervised discretion for them to be considered deputy auditors.

The administrative law judge first found that merely because an employee takes an oath as a deputy auditor does not make that person an unclassified employee as a deputy auditor. Indeed, as Ossenbeck and Roberts point out in their brief, since virtually every employee of the Auditor's office has taken the same oath, that would mean that all of the employees in the Auditor's office are deputy auditors, a result which we clearly do not accept. We accept the definition of "deputy auditor" set forth in *Clevidence v. Medina Cty. Aud.* (July 9,

---

1. R.C. 124.11(A)(9) also includes in the unclassified service those in an administrative relationship to an elected official. This was the category central to our determination in *Grauvogel, supra,* but no argument is made in this appeal that Ossenbeck and Roberts were unclassified on this basis.

1986), Medina App. Nos. 1492 and 1493, unreported, 1986 WL 7745; *Summit Cty. Aud.'s Office v. Capozzoli* (Apr. 22, 1981), Summit App. No. 9876, unreported, 1981 WL 2931; and *Lake Cty. Aud. v. Evans* (Sept. 29, 1980), Lake App. No. 7–220, unreported. Those cases define a deputy auditor as one who performs non-ministerial, discretionary duties in the auditor's place and stead. There must be some policy-forming aspect to the job. It would be fair to say that one looks to the deputy auditor as if to the auditor.

 In applying this definition, the administrative law judge concluded that the duties of Ossenbeck and Roberts were ministerial in nature and did not require the exercise of discretion. He found that while their jobs were important for carrying out payroll functions, Ossenbeck and Roberts were essentially technicians. They had no policy-formulating responsibilities. We hold that the trial court did not abuse its discretion in determining that the SPBR's order, adopting the recommendation of the administrative law judge finding that Ossenbeck and Roberts were not deputy auditors, was supported by reliable, probative, and substantial evidence. The first assignment of error is overruled.

 The Auditor next argues that Ossenbeck and Roberts are fiduciaries and, as such, unclassified employees. As noted by the administrative law judge, the term "fiduciary" is not a defined term in R.C. Chapter 124. Interpreting a series of cases from the Ohio Supreme Court, the administrative law judge determined that a fiduciary relationship is one of special trust and confidence, with special confidence being reposed in the integrity and fidelity of another. However, the Auditor argues that the administrative law judge, the SPBR and the trial court have added, contrary to law, the requirement that a fiduciary must also have a high degree of discretion or participate in formulating the policies of the elected official, thus equating the definition of a deputy auditor to that of a fiduciary. The Auditor argues that in applying the definition of "fiduciary" as one of trust and confidence in another, and in applying the concepts of integrity and fidelity implicit in a fiduciary relationship to the payroll responsibilities of Ossenbeck and Roberts, especially in their handling of special pay warrants, they must be found to be fiduciaries. We disagree.

In discussing the nature of the fiduciary-relationship exception to the classified civil service, the Ohio Supreme Court has stated that the mere handling of money belonging to another does not, by itself, demonstrate the existence of a fiduciary relationship. *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 12, 17 O.O.3d 3, 7–8, 406 N.E.2d 1355, 1360. In *State ex rel. Charlton v. Corrigan* (1988), 36 Ohio St.3d 68, 71, 521 N.E.2d 804, 806, the court connected a high degree of trust, confidence, reliance, integrity and fidelity to the discretion vested in the particular employee. Further, as stated in *Yarosh, supra,* 63 Ohio St.2d at 11, 17 O.O.3d at 7, 406

N.E.2d at 1360, "[w]here no discretion is involved and where tasks are clearly routine, a fiduciary relationship clearly does not exist."

In this case, the administrative law judge found that Ossenbeck and Roberts "are payroll technicians responsible for ensuring the accuracy of data submitted to them, ensuring that numbers are added and subtracted correctly, and that information and data reconciles between source documents and printed summaries." He found that while Ossenbeck and Roberts have authority to handle special pay warrants when needed, that authority is only based on established procedures imposed by the Auditor, and not on their own discretion. They supervise no one. They are responsible for no policy formulations and in fact work at a level well below policy-making levels. They do not report directly to the Auditor. Their jobs possess a routinized character. The administrative law judge correctly found that Ossenbeck and Roberts are not fiduciaries. The Auditor's second assignment of error is without merit.

In his final assignment of error, the Auditor argues that Ossenbeck and Roberts are unclassified employees because it is impractical to determine their fitness for the positions they hold by a competitive examination. This argument also lacks merit. The Auditor relies on the argument that the duties of Ossenbeck and Roberts require strict integrity and high moral character, not traits ascertainable by examination. Because of the nature of the Auditor's job, the same could be said of all the employees in that office. According to their present supervisor, the actual duties of Ossenbeck and Roberts involve skills such as typing, data entry and balancing, which can definitely be determined through an examination. The administrative law judge so found and the SPBR agreed.

While the trial court did not separately address this exception to the classified service in its affirmance of the SPBR decision, the exception is part of R.C. 124.11(A)(9), which also excepts fiduciaries from the classified service. In the cases on which the Auditor relies, viz., *State ex rel. Bryson v. Smith* (1920), 101 Ohio St. 203, 128 N.E. 261, and *State ex rel. Day v. Emmons* (1932), 126 Ohio St. 19, 183 N.E. 784, it was really because of the fiduciary nature of the relationship of the employees involved in those cases that competitive examination could not be used. The two arguments go hand-in-hand. They are part of the same statutory exception to the classified service. It was therefore not necessary for the trial court to address this issue separately.

Accordingly, we hold that the trial court did not abuse its discretion in finding that the order of the SPBR is supported by reliable, probative and substantial evidence and is in accordance with law. Resultantly, the judgment of the trial

court is affirmed and the Auditor's reduction of the salaries of Victoria Ossenbeck and Diana Roberts is disallowed.

*Judgment affirmed.*

DOAN, P.J., GORMAN and M.B. BETTMAN, JJ., concur.