OPINION
{¶ 1} This is an appeal from the judgment of the Court of Common Pleas of Crawford County affirming an order of the State Personnel Board of Review dismissing appellant's appeal from a discharge from the position of Executive Director of the Crawford County Children's Services Board. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Appellant was an employee of Crawford County Children's Services Board ("CCCSB") from December 6, 1971 to April 5, 2000 and was most recently employed as the Executive Director of the CCCSB from August 20, 1991 until April 5, 2000. Appellant received notice of his termination on April 5, 2000 by letter. The letter contained no reasons for the termination.
 {¶ 3} Approximately fifteen months after his termination, on July 13, 2001, the appellant filed an appeal of his termination with the State Personnel Board of Review ("SPBR"). The CCCSB moved to dismiss the appeal on August 15, 2000, on the grounds that the SPBR did not have proper jurisdiction to hear the appeal, specifically that the appeal was not timely filed and that the appellant was an unclassified employee.
 {¶ 4} On August 28, 2001, the administrative law judge entered a "Report and Recommendation" dismissing the appeal because it had not been "filed within thirty calendar days following the appellant's receipt of actual notice of his removal as required by O.A.C 124-1-03(I)." The administrative law judge did not reach the issue of whether the appellant was, or was not, a classified employee.
 {¶ 5} The appellant then filed an objection to the Report and Recommendation of the administrative law judge to the SPBR. After a thorough review of the record, the SPBR adopted the Recommendation of the administrative law judge.
 {¶ 6} The appellant, on October 30, 2001, appealed to the court of common pleas of Crawford County. The common pleas court sustained the order of the SPBR dismissing the appellant's appeal; however, it based its decision on grounds different than that asserted by the SPBR. Rather than affirming on the ground that the appellant had not timely filed his appeal, the common pleas court found that the appellant was in "unclassified service," and therefore, the SPBR "did not have jurisdiction in this case to hear an appeal and should have dismissed the same for that reason."
 {¶ 7} Appellant appeals to this court setting forth three assignments of error.
 {¶ 8} We begin with a review of the appellant's third assignment of error.
ASSIGNMENT OF ERROR NO. III
 As a matter of law, the failure of the appellee to have complied with R.C. 124.34 required the court to reverse the order of the board.
 {¶ 9} From the outset, the appellant has argued that because the CCCSB failed to comply with R.C. 124.34, the common pleas court should have reversed the dismissal of the appellant's appeal by the SPBR.
 {¶ 10} When reviewing an order of an administrative agency in a R.C. 119.12 appeal, the common pleas court is bound to affirm the agency's order
 if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law.[1]
 {¶ 11} This court's review of the common pleas court on questions of fact is limited to determining if the common pleas court abused its discretion.[2] Furthermore, an appellate court does not determine the weight to be given the evidence.[3] Accordingly, absent an abuse of discretion by the trial court, this court must affirm the trial court's judgment.[4] In this context, an abuse of discretion connotes more than an error in judgment; it implies a decision which is without a reasonable basis, one which is clearly wrong.[5] On questions of law, however, the common pleas court does not exercise discretion and the court of appeals' review is plenary.[6]
 {¶ 12} It must be determined then whether the common pleas court committed an abuse of discretion in finding the appellant to be the Executive Director of the CCCSB, and whether the common pleas court committed any reversible error when it based its dismissal of the appellant's appeal on the determination that the appellant was an "unclassified employee."
 {¶ 13} The CCCSB's motion to dismiss the appellant's appeal due to a lack of jurisdiction was based upon two grounds: (1) that the appellant was an unclassified employee, and (2) that even if appellant was a classified employee, the appeal was not timely filed. The order of the SPBR, which was appealed to the Common Pleas Court, dismissed the appeal "* * * because this appeal was not filed within (30) calendar days after Appellant received actual notice of his removal * * *." The appellant asserts that the common pleas court's review was bound by R.C. 119.12, and, as such, its review was limited to whether or not there was reliable, probative, and substantial evidence to support the finding that the appellant's appeal was not timely made.
 {¶ 14} In order to determine whether to affirm the decision of the SPBR, pursuant to R.C. 119.12, the common pleas court may consider the entire record, including the credibility of the witnesses and the weight and probative character of the evidence.[7] The common pleas court considered whether the appellant was subject to the jurisdiction of the SPBR. In order to determine whether the SPBR had proper jurisdiction, the common pleas court had to first determine whether the appellant was entitled to the due process required by R.C. 124.34.
 {¶ 15} R.C. 124.34 provides that an agency that removes a classified employee[8] shall serve the employee with a copy of the removal order;[9] and also provides that the classified employee may appeal the agency order to the SPBR.[10] The SPBR does not have subject matter jurisdiction over appeals from persons in the unclassified service.[11] While R.C. 5153.12 states that "[A]ll employees of the county children services board or county department of job and family services shall be in the classified civil service," R.C. 5153.10 states that the "executive director of the children services agency shall not bein the classified civil service."[12]
{¶ 16} In its decision, the common pleas court found that, "[i]t is undisputed that the appellant was serving the board in the capacity of its director set forth in O.R.C. 5153.10." The appellant submitted a letter to the SPBR in which he stated, "I was employed by Crawford County, Ohio from December 6, 1971 through April 5, 2000. I was illegally terminated by Crawford County Children Services Board as their Director
on that date."[13] Furthermore, CCCSB submitted the termination letter it issued to the appellant which gave notice that the appellant was being terminated from his position of Executive Director effective at the close of the business on April 5, 2000. The appellant, at no point during his appeal process, has offered any evidence to the contrary that he was not, in fact, the Executive Director.
 {¶ 17} As there is reliable, probative and substantial evidence that supports a finding that appellant was the Executive Director of CCCSB, it follows that, pursuant to R.C. 5153.10, the appellant was not in classified service, was not entitled to be served with an order of removal pursuant to R.C. 124.34, and was not entitled to appeal to the SPBR.[14] As the evidence in the record supports the common pleas court's decision, there was no abuse of discretion. Accordingly, the appellant's third assignment of error is overruled.
ASSIGNMENT OF ERROR NO. I
 The court erred in affirming an agency order where there was no evidence to support same.
 {¶ 18} The appellant asserts that there was no evidence to support the SPBR's decision. Based on the finding that the appellant was an unclassified employee, the common pleas court did not have to reach the issue of whether there was reliable, probative and substantial evidence to support the SPBR's decision that the appellant did not timely file his appeal. However, had the common pleas court determined the appellant to be a classified employee, there was evidence in the record to conclude that his appeal would have been dismissed for being untimely. Appeals from removal orders of classified employees are governed by Ohio Adm. Code124-1-03(I), which states that appeals "shall be filed, in writing, with the state personnel board of review not more than thirty calendar days after the time the appellant receives actual notice of the action." The fact that the appellant did not file his letter of appeal of his termination to the SPBR until fifteen months after the effective date of his termination, is sufficient reliable, probative, and substantial evidence to find that he had not timely filed his appeal. The appellant's second assignment of error is overruled.
ASSIGNMENT OF ERROR NO. II
 The court erred in a de novo review of the agency's order rather than the review mandated by R.C. 119.12.
 {¶ 19} The appellant asserts that the common pleas court erred by reviewing the decision of the SPBR de novo, instead of the review mandated by R.C. 119.12. The standard of review for the common pleas court is specified in R.C. 119.12, set forth above. An appeal to the common pleas court is not a trial de novo.[15] However, the common pleas court may review the entire record of the hearing before the administrative agency, plus any newly discovered evidence the court allows in its discretion.[16] The common pleas court reviewed the record and evidence considered by the SPBR. And based upon the record, the common pleas court determined that the appellant was not in classified service, and thus not under the jurisdiction of the SPBR. Although the common pleas court dismissed the appellant's appeal on separate grounds from that of the SPBR, no error was committed.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT, P.J., and WALTERS, J., concur.
[1] Emphasis added. Collier v. Harrison Cty. Auditor, (June 28, 2002) Harrison App. No. OO-523-CA, ¶ 19; see, also, Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705; Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108.
[2] Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619.
[3] See, Rossford Exempted Village School Dist. Bd. of Edn. v.State Bd. of Edn. (1992), 63 Ohio St.3d 705.
[4] Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619
[5] Robinson v. Ohio Department of Insurance (May 25, 1995), Franklin App. No. 94APE07-1090, citing Angelkowski v. Buckeye Potato Chip Co.
(1983), 11 Ohio St.3d 159.
[6] Kohl v. Perry Cty. Bd. of Mental Retardation DevelopmentalDisabilities (Sept. 29, 1994), Franklin App. No. 94APE01-122. See also,Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp.Relations Bd. (1992), 63 Ohio St.3d 339, which states "* * * an appellate court conducts a de novo review on issues of law."
[7] Kohl v. Perry Cty. Bd. of Mental Retardation DevelopmentalDisabilities (Sept. 29, 1994), Franklin App. No. 94APE01-122.
[8] R.C. 124.34(A) states that "[t]he tenure of every officer or employee in the classified service of the state and the counties, * * *, shall be during good behavior and efficient service. No such officer or employee shall be * * * removed, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, dishonesty * * *."
[9] R.C. 124.34(B) states that "In case of * * * removal * * * the appointing authority shall serve the employee with a copy of the order of
* * * removal, which order shall state the reasons for the action. The order shall be filed with the director of administrative services and state personnel board of review, or the commission, as may be appropriate."
[10] R.C. 124.34(B) states that "* * * [w]ithin ten days following the date on which the order is served * * * the employee * * * may file an appeal of the order in writing with the state personnel board of review or the commission."
[11] See Smith v. Sushka (1995), 103 Ohio App.3d 465.
[12] While R.C. 5153.12 applies generally to all employees of CCCSB, R.C. 5153.10 speaks specifically to the office of the Executive Director. As a specific statute controls over a general statute, R.C.5153.10 governs in this case.
[13] Emphasis added.
[14] See Smith v. Sushka (1995), 103 Ohio App.3d 465; see, also, Chubbv. Bur. of Workers' Comp.(1998), 81 Ohio St.3d 275.
[15] Ossenbeck v. Hamilton Cty. Auditor (1994), 93 Ohio App.3d 204.
[16] Ossenbeck v. Hamilton Cty. Auditor (1994), 93 Ohio App.3d 204; citing Andrews v. Ohio Bd. of Liquor Control (1955), 164 Ohio St. 275.