Vivian Gabor appeals from a judgment of the common pleas court, affirming the decision reached by the Unemployment Compensation Board of Review which denied her application for unemployment compensation. Gabor contends the court's decision to affirm is unlawful, unreasonable and against the manifest weight of the evidence and therefore constitutes reversible error. After considering the facts of this case as contained in the record and the applicable law, we reject Gabor's contention and therefore affirm the judgment of the trial court.
The record before us reveals that Ganley Dodge, located in Bedford, Ohio, hired Gabor on February 1, 1994, and maintained her employment until October 7, 1996, when she claims Wayne Niemenan fired her due to what he termed her bad attitude. The facts surrounding Gabor's termination from employment are in dispute. She contends that when she met with Niemenan, her immediate supervisor, on October 7, 1996, he fired her; Ganley Dodge, however, asserts that it did not fire Gabor, but instead offered to transfer her to Ganley Nissan, in Shaker Heights, Ohio, at the same rate of pay. In fact, Stephen Blake, the general manager at Ganley Nissan in Shaker Heights, Ohio, testified during a telephone hearing before Jeffrey Hersh, a hearing officer with the Unemployment Compensation Board of Review, that on the afternoon of October 7, Gabor met with him and he assured her that her employment had not been terminated. Blake advised her that the position at Ganley Nissan involved similar work at the same rate of pay, and that she would begin work on the following Monday, October 13, 1996. Gabor, however, failed to report to work on that day.
Instead, on November 25, 1996, Gabor applied for unemployment compensation benefits; the Administrator denied her claim on January 21, 1997, and upon request for reconsideration, the Administrator affirmed the initial determination. Gabor appealed and the Board of Review held a hearing on April 23, 1997. Following the hearing, the hearing officer determined that Gabor refused, without good cause, to accept an offer of suitable employment. He further determined Gabor's testimony to be less credible than Blake's due to inconsistencies regarding whether Gabor had gone on vacation prior to beginning work at Ganley Nissan. The Board of Review subsequently disallowed her request for further appeal. Gabor timely appealed that decision to the common pleas court, which affirmed the board's decision.
Gabor now appeals raising one assignment of error for our review.
The sole assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT VIVIAN GABOR WHEN IT AFFIRMED THE DECISION OF THE OHIO UNEMPLOYMENT COMPENSATION BOARD OF REVIEW DENYING UNEMPLOYMENT BENEFITS TO HER BECAUSE SAID DECISION WAS UNLAWFUL, UNREASONABLE, OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Gabor argues that the court erred when it affirmed the board's decision to deny her unemployment benefits, claiming Ganley Dodge fired her and never transferred her to any other Ganley agency. Additionally, Gabor states that the trial court erred when it found Gabor to be less credible than Blake, due to inconsistencies in her testimony. Finally, it is Gabor's position that the offer to transfer could not have been made by Niemenan because a near fatal car accident that same day placed him in the hospital.
Ohio Bureau of Employment Services, relying on R.C.4141.29(D)(2)(b), contends that when an employee is offered suitable work and refuses to accept the offer without good cause, unemployment benefits will not be allowed. Therefore, it argues that due to Gabor's failure to accept the transfer and report to work at Ganley Nissan, she is not entitled to unemployment benefits.
The issue then presented for our review concerns whether the trial court abused its discretion when it affirmed the decision of the Ohio Unemployment Compensation Board of Review denying Gabor unemployment benefits.
We begin our analysis of this issue by considering the applicable standard of review. In Irvine v. Unemp. Comp. Bd. ofReview (1985), 19 Ohio St.3d 15, 17-18, the court stated:
 A decision of the unemployment compensation board of review may only be reversed if the decision is unlawful, unreasonable or against the manifest weight of the evidence.
The board found that Ganley Dodge fired Gabor for just cause because she quit when Ganley Dodge requested she accept a transfer to Ganley Nissan and she failed to report to work. Failure to report to work when reasonably ordered to do so constitutes just cause for termination of employment. See Durganv. Ohio Bur. Emp. Serv. (1996), 110 Ohio App.3d 545.
We must determine whether the board's finding is supported by some competent, credible evidence. See Angelkowski v. BuckeyePotato Chips Co. (1983) 11 Ohio App.3d 159. At the telephone hearing held before the hearing officer, only two people testified: Blake, on behalf of Ganley Dodge, and Gabor on her own behalf.
Blake testified that Ganley Dodge and Ganley Nissan were owned by the same person and that he held the position of general manager at both locations; that Niemenan called him and told him of Gabor's transfer from Ganley Dodge to Ganley Nissan and also that she would report to work the following Monday, October 13, 1996. Blake further stated that he agreed to the transfer and later that day informed Gabor of the decision, although he cannot remember how the meeting with Gabor materialized. He further testified that he explained to her that her salary remained the same and the Nissan and Dodge stores were only five to seven miles from each. Gabor raised the issue of her firing with Blake and he told her that she had not been fired but would be working at the Ganley Nissan store. The two agreed that Gabor would begin work October 13, 1996, but Gabor failed to report for work. The reasons for this are disputed. Gabor claims Ganley never offered her a position; Ganley maintains Gabor took a two week vacation, which Gabor has denied in her telephone testimony before the hearing officer, but her testimony is contradicted by her application for unemployment compensation benefits which states she did not file a claim earlier because she took a two week vacation.
Gabor testified that Niemenan fired her because he did not like her attitude and that the conversation she had with Blake at the Nissan store only concerned back pay owed to her by the company. At no time, Gabor urges, did Niemenan or Blake discuss a transfer with her.
In considering whether the trial court's determination is unlawful, we begin by examining R.C. 4141.29(D)(2)(b), which states in relevant part:
 * * * no individual may * * * be paid benefits when an individual has refused without good cause to accept an offer of suitable work when made by an employer * * *.
Here, the evidence indicated that Ganley Nissan offered Gabor suitable employment but that she failed to report to work. Based on our review of the evidence, we cannot conclude the trial court made an unlawful determination.
Next, regarding consideration of whether the court's determination is unreasonable, we have reviewed the transcript which supports the conclusion that Niemenan and Ganley engaged in a discussion regarding whether her employment would be continued at Ganley Dodge; also, that at some point Blake, the Ganley manager became involved and agreed to employ Gabor at Ganley Nissan. She, however, failed to report to work. Based on this state of the record, we cannot conclude that the trial court abused its discretion in affirming the decision of the Board of Review.
Finally, regarding our review of whether the decision of the trial court is against the manifest weight of the evidence, we apply the following test which has been set forth in State v.Martin (1983) 20 Ohio App.3d 172, 175:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and an new trial ordered. See Tibbs v. Florida (1982), 457 U.S. 31, 38, 42.
Analysis of the record here reveals a dispute as to whether Ganley fired Gabor or offered her a transfer. Upon our review, we cannot conclude the trial court clearly lost its way and created a manifest miscarriage of justice, especially since the record reveals that following her discussion with Niemenan, she had a further conversation with Blake; and that questions have arisen regarding whether she had gone on vacation.
After completing our review, we cannot conclude the court's attitude here is unreasonable, arbitrary or unconscionable, nor that its decision is unlawful, unreasonable, or against the manifest weight of the evidence.
Accordingly, we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
This Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER, A.J., and ANN DYKE, J., CONCUR
 _________________________________ JUDGE TERRENCE O'DONNELL